GRAHAM *v.* STEWART.*

(Division B. Jan. 21, 1929.)

[120 So. 171. No. 27596.]

308

*Corpus Juris-Cyc References: Recoupment, Set-off and Counterclaim, 34 Cyc, p. 745, n. 59.

*Wyatt Easterling* and *S. M. Graham*, for appellant.

*J. H. Daws,* for appellee.

*Wyatt Easterling* and *S. M. Graham,* in reply for appellant.

ANDERSON, J.   W. M. Wilder, trading as Wilder Motor Sales Company, brought this action in the court of a justice of the peace of Kemper county against appellee on an itemized sworn account to recover the sum of one hundred twenty-eight dollars and forty cents. Appellee filed in the court of the justice of the peace, as provided by section 2740, Code 1906 (section 2394, Hemingway's 1927 Code), a set-off to the action in the form of a sworn itemized account showing payments to the Motor Sales Company, aggregating the sum of one hundred eighty-

five dollars and sixty-one cents. There was a trial before the justice of the peace resulting in a judgment against appellee, in favor of the Motor Sales Company, in the sum of ninety-eight dollars and forty cents. From that judgment, appellee appealed to the circuit court. After the appeal to the circuit court, but before the trial of the cause in that court, appellant, by order of the court, was substituted as plaintiff in the case instead of Wilder Motor Sales Company; and after such substitution there was a trial in the circuit court, resulting in a verdict and judgment for appellee against appellant as substituted plaintiff on appellee's offset in the sum of fifty-seven dollars and twenty-one cents, that amount being the difference between the amount sued for, one hundred twenty-eight dollars and forty cents, and appellee's offset, one hundred eighty-five dollars and sixty-one cents. From that judgment, appellant prosecutes this appeal.

Appellant contends that, under the law, no judgment could be rendered against him, as substituted plaintiff, in favor of appellee on the offset or counterclaim of the latter against the Wilder Motor Sales Company.

Section 2741, Code 1906 (section 2385, Hemingway's 1927 Code), provides:

"On the return-day of the summons the justice shall hear and determine the cause if the parties appear; give judgment by default if the defendant fail to appear and contest plaintiff's demand, or judgment of nonsuit against the plaintiff if he fail to prosecute his claim; enter judgment in favor of the defendant where, in case of set-off, it shall appear that there is a balance due him, for the amount of such balance, and issue execution against the goods and chattels, lands and tenements, of the party against whom judgment is rendered, for the amount of the judgment and costs, or costs alone, as the case may require, returnable to a term of the court to be held more than twenty days after the rendition of the judgment, and not more than six months after the issu-

ance of the execution; and the execution may be directed to the proper officer of any county in this state.''

Section 717, Code 1906 (section 510, Hemingway's 1927 Code), is in this language:

''The assignee of any chose in action may sue for and recover on the same in his own name if the assignment be in writing. In case of a transfer of interest after suit brought, the action shall be continued in the name of the original party, or the court may allow the person to whom the transfer is made to be substituted in the action. A set-off or other defense existing at the time of or before notice of the assignment, shall not be prejudiced thereby.''

The circuit court permitted appellant to be substituted as plaintiff for the Wilder Motor Sales Company upon the representation that he was the owner by assignment from the company of the account, which was the basis of this action. It will be observed that the concluding sentence of the statute last above copies that: ''A set-off or other defense existing at the time of or before notice of the assignment shall not be prejudiced thereby.'' The evidence in the case tended to show that appellee' counterclaim on which he recovered judgment over against appellant was in existence before this action was brought and before the assignment to appellant of the account by the Wilder Motor Sales Company, upon which the action was based. Under the statute, therefore, appellant acquired the account by assignment from the Wilder Motor Sales Company subject to whatever set-off or other defense that existed between the original parties. But did it follow as a result thereof that appellee was entitled to recover over against appellant on his counterclaim? We think not. As against appellant, appellee was only entitled to use his offset defensively, and not offensively; he was not entitled to recover over against appellant, for appellant was not indebted to appellee in any sum whatever. Nor was appellant in a case of this character en-

titled to be substituted as plaintiff in place of the Wilder Motor Sales Company over the objection of appellee, for, upon filing his offset in the court of the justice of the peace, appellee at once became a cross-plaintiff and Wilder Motor Sales Company a cross-defendant. As cross-plaintiff, appellee had rights against the cross-defendant, Wilder Motor Sales Company, which could not be gotten rid of in that manner.

It follows from these views that the judgment is erroneous.

*Reversed and remanded.*