340 So.2d 442 (1976)
The ST. PAUL INSURANCE COMPANIES
v.
Wheeler GENTRY.
No. 49024.
Supreme Court of Mississippi.
December 21, 1976.
Aultman, Pope, Aultman, Van Slyke & Tyner, Thomas W. Tyner, Hattiesburg, for appellant.
Tullos & Tullos, Eugene C. Tullos, Raleigh, for appellee.
Before GILLESPIE, C.J., and SUGG and BROOM, JJ.
GILLESPIE, Chief Justice, for the Court:
The Circuit Court of Smith County rendered judgment against St. Paul Insurance Companies (St. Paul) in favor of Wheeler Gentry. St. Paul appealed.
St. Paul sued Gentry as assignee of David W. Mangum and Alsia J. Wagner, Jr. The vehicle of Wagner, operated by Mangum, had a collision with a vehicle owned and operated by Gentry. Mangum and Wagner sustained personal injuries in the collision and Wagner's vehicle was damaged. The claims of Mangum and Wagner were assigned to St. Paul. Apparently St. Paul was the insurer of the Wagner vehicle, but the terms of the policy are not in the record. St. Paul settled with Mangum and Wagner and took assignments from them. Then St. Paul sued Gentry, who filed a counterclaim against St. Paul for $100,000, alleging that Mangum, while driving Wagner's vehicle under Wagner's direction, negligently ran into and damaged Gentry's vehicle and injured Gentry. St. Paul's demurrer to the counterclaim and motion to dismiss the counterclaim were overruled. Trial was held, and the jury returned a verdict on the counterclaim for $40,000.
Did the court err in rendering judgment on the counterclaim against St. Paul?
As argued by Gentry, the general rule is that the assignee of a non-negotiable chose in action acquires no greater right than was possessed by his assignor, and simply stands in the shoes of the latter. And, in 6 Am.Jur.2d, Assignments, section 102 at 283 (1963), it is stated:
In an action on the claim assigned, the assignee is ordinarily subject to any set off or counterclaim available to the obligor against the assignor and to all other defenses and equities which could have been asserted against the chose in the hands of the assignor at the time of the assignment.
However, judgment on a counterclaim or set-off against an assignee, where based on a demand against the assignor, cannot be affirmative; it can be defensive only. In 20 Am.Jur.2d, Counterclaim, Recoupment *443 and Set-off, section 157 at 364 (1965), it is stated: "Thus, in an action by an assignee, the defendant cannot recover a money judgment on a set-off existing against the assignor."
In Graham v. Stewart, 152 Miss. 307, 120 So. 171 (1928), the Court considered whether a counterclaimant could use a counterclaim offensively against an assignee, and said:
... [A]ppellant acquired the account by assignment from the Wilder Motor Sales Company subject to whatever set-off or other defense that existed between the original parties. But did it follow as a result thereof that appellee was entitled to recover over against appellant on his counterclaim? We think not. As against appellant, appellee was only entitled to use his offset defensively, and not offensively; he was not entitled to recover over against appellant, for appellant was not indebted to appellee in any sum whatever. 152 Miss. at 311, 120 So. at 172-173.
When the foregoing authorities are applied to the present case, it follows that the court erred in rendering judgment against St. Paul. Gentry could only use the counterclaim defensively.
REVERSED AND RENDERED.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.