## BOARD OF SUP'RS, PRENTISS COUNTY, v. McREE.

(Division A. May 29, 1939. Suggestion of Error Overruled July 8, 1938.)

[189 So. 95. No. 33727.]

J. S. Finch, of Booneville, for appellant.

728

**E. C. Sharp,** of Booneville, for appellee.

Argued orally by **E. C. Sharp**, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The appellee in his petition for a mandamus alleges that "he is the owner and holder of a large number of unpaid, valid and undisputed teachers pay certificates and school carriers pay certificates of the aggregate face value of $6,815.36," copies of which were attached to the petition. After alleging that these certificates were outstanding and unpaid on March 25, 1936; were payable out of the common school fund; that there was no money in the treasury available for the payment thereof; and that the board of supervisors had declined to raise sufficient money therefor under provision of section 15, chapter 255, Laws of 1936, the petition prays for a mandamus directing the board of supervisors "to at once borrow a sufficient sum to pay said certificates by issuing and selling the negotiable notes or certificates of indebtedness of said county as provided by law, and if said negotiable notes or certificates of indebtedness can not be sold, to levy a special tax annually, not exceeding two mills as now provided by law, until all of said pay certificates shall have been paid." A demurrer to this petition was overruled. None of its allegations were thereafter denied by a plea or otherwise. The only plea filed by the appellant being one alleging that the appellee's cause of action was barred by limitation. A demurrer to this plea was sustained, and there was a judgment for the appellee in accordance with the prayer of his petition. The appellant's contention on the demurrer is that the first paragraph of section 15, chapter 255, Laws of 1936, which authorizes and empowers boards of supervisors to borrow money to pay claims of this character existing on March 25, 1936, "and to issue interest bearing negotiable notes or certificates of indebtedness therefor," is not mandatory but merely permissive, compliance therewith resting in the discretion of the board. This provision of the

statute is for the benefit of the holders of these certificates and contemplates their payment in the manner provided. It is therefore mandatory and not merely permissive.

The third paragraph of the section provides that: "In the event the board of supervisors of any such county shall be unable to borrow money for the payment of such" certificates of indebtedness "the board of supervisors is hereby authorized and empowered, *in its discretion,* to levy a special tax" (italics supplied) for the payment thereof. This provision of the statute is clearly not mandatory, for acting in accordance with it is expressly declared to be within the discretion of the board of supervisors.

There may be more than one answer to the appellant's plea of the Statute of Limitations, but one will suffice. The Statute of Limitations may be waived, and the statute here under consideration does just that. It mandatorily directs the payment of an indebtedness of the character here involved without reference to the Statute of Limitations, and there is nothing in the statute which would justify us in limiting its langauge to the indebtedness that would not be barred by limitations if the statute should be plead thereto. So to do was within the power of the Legislature, and its mandate must be obeyed.

The judgment of the court below will be affirmed in so far as it directs the appellant to issue the notes or certificates of indebtedness prayed for, but will be reversed in so far as it directs the board to levy a tax for the payment of this indebtedness in event the money therefor can not be raised by the issuance and sale of notes and certificates of indebtedness. A final judgment will be rendered here eliminating the offending provision from the judgment of the court below.

So ordered.