TRUSTEES OF GEEVILLE CONSOL. SCHOOL *v.* GORDON.

(Division A.   May 29, 1939.   Suggestion of Error Overruled July 8, 1939.)

[189 So. 97.   No. 33726.]

J. S. Finch, of Booneville, for appellant.

E. C. Sharp, of Booneville, for appellee.

Smith, C. J., delivered the opinion of the court.

Section 16, Chapter 255, Laws of 1936, approved March 25, 1936, provides that: "the board of supervisors, upon petition of the trustees of any consolidated school district, special consolidated school district, or other school district (not including, however, municipal separate school districts), which on the date of the approval of this act may have any valid and undisputed school tax anticipation notes, teachers' pay certificates, or other valid obligations outstanding, for the payment of which there are insufficient funds on hand and which cannot be paid out of the school funds made available for the current fiscal year ending June 30, 1936, is hereby authorized and empowered to borrow money in an amount sufficient to pay such valid and undisputed obligations, and to issue the interest bearing negotiable notes or certificates of indebtedness of such consolidated school district, special consolidated school district, or other school district, therefor; and the proceeds derived from

the sale of such notes or certificates of indebtedness shall be applied by the trustees to the payment of such school tax anticipation notes, teachers' pay certificates, or other obligations outstanding.''

The appellee in a petition for a mandamus alleges ''that he is the owner and holder of a number of valid and undisputed teachers pay certificates and school carriers pay certificates of said district of the face value of Four Hundred Nine & 07/100 Dollars; copies of said pay certificates being attached hereto and marked 'Exhibits one to ten,' both inclusive, and made a part hereof. He further alleges that all of said pay certificates were unpaid and outstanding on the 25th day of March, 1936, and are still outstanding and unpaid. All of said certificates being and are properly payable out of the district school funds of the said Geeville Consolidated School District, and that there are insufficient funds in the treasury for the payment of said certificates and that same can not be paid out of the school funds made available for the fiscal year ending June, 30th, 1936.'' The petition then alleges that the appellee requested the appellants to file a petition with the board of supervisors of the county requesting it to issue notes and certificates of indebtedness for the payment of certificates of indebtedness sued on as provided by statute hereinbefore set forth, and that the appellant declined so to do. The prayer of the petition is that the appellant be directed to file the petition with the board of supervisors contemplated by the statute. A demurrer to the petition was overruled, the appellant declined to plead further, and final judgment was rendered in accordance with the prayer of the petition. This judgment however does not stop with the prayer of the petition but goes further and directs the board of supervisors what to do when a petition is filed with it.

No error was committed in overruling the demurrer. This statute is for the benefit of persons holding valid, undisputed obligations of school districts and contemplates their payment in the manner provided. It is therefore mandatory upon the trustees of a consolidated

school district which owes valid and undisputed indebtedness to petition the board of supervisors for the payment thereof in the manner the statute provides.

The court below erred however in including in its judgment an order directing the board of supervisors what to do when the petition should be filed. That board was not made a party to this proceeding, is in no way bound thereby, and if there is a valid defense to the payment of these certificates, it may plead it in event it should be attempted to be coerced into issuing notes and certificates of indebtedness in order to obtain the money for the payment of the indebtedness. In this connection, see Board of Supervisors, Prentiss County, v. R. A. McRee, Jr., Miss., 189 So. 95, this day decided. This error of the court was not against the appellant and it is in no way harmed thereby. Consequently, it cannot complain thereof.

Affirmed.