R. N. MILLER v. BOARD OF SUPERVISORS HINDS COUNTY.

1. STATUTE OF LIMITATIONS.   *Not extended by construction.*
    Statutes of limitation will not be applied by construction to cases not embraced by their terms.

2. SAME.   *Right dependent upon demand.*
    Where a demand is necessary to perfect a right of action, the general rule is that the statute of limitations commences to run from the date of the demand.

3. SAME.   *Claim against county.   When statute begins to run.*
    No statute of limitations in terms applies to a claim against a county before presentation to the board of supervisors for payment. The statutes apply alone to *actions* or *suits*, and as no suit is maintainable on any claim against the county until payment is refused, the period of limitation only begins to run at the time of such refusal.

4. SAME.   *Case in judgment.*
    Certain sums due appellant on account of fees as district attorney were collected by the county, which the board of supervisors refused to pay over. This suit was brought by him against the county for the amount more than three years after the collection of the money, but less than three years after the refusal to pay. *Held*, that the action was not barred by the statute of limitations of three years.

FROM the circuit court of the first district of Hinds county.

HON. J. B. CHRISMAN, Judge, presided in this case when the demurrer to plaintiff's replication was overruled, and the HON. RALPH NORTH, Judge, presided by interchange when the final judgment was rendered.

Appellant, Miller, as district attorney, was entitled to certain fees due by persons who had been convicted of misdemeanors in Hinds county, and who, being unable to pay, were placed in the hands of the county contractor to work out their fines and costs. The contractor was to pay the county, but there was some controversy between him and the county, which was settled by compromise, and in 1885 he paid into the county treasury a certain sum of money in full settlement. In 1886 Miller presented his claim for fees to the board of supervisors for payment, and the board refused to allow it. Within three years from the time of such refusal, but more than three years after the money was paid into the treasury by the county contractor, Miller brought this suit against the county for his fees. Besides the general issue, the defendant pleaded the three years' statute of limitations. Plaintiff replied to the last-mentioned plea that, although the money was paid to the county in 1885, he did not make demand until 1886, which was within three years before his suit was instituted. To this replication a demurrer was overruled. The defendant then rejoined that the cause of action accrued in 1885.

The case was submitted to the court without a jury, when the above facts were shown. Judgment being rendered in favor of the defendant, plaintiff appealed.

*C. M. Williamson,* for appellant.

The claim was not barred by the statute of three years. When the fines and costs are paid into the treasury, under the provisions of § 3161 of the code, the costs and fees of officers are held there as the money of the persons to whom due, and it remains there subject to demand. It is held in the nature of a trust. Suit cannot be brought upon a claim against the county until after it has been presented to and disallowed by the board of supervisors. Code 1880, § 2175; 41 Miss. 236; 51 Ib. 68, 731, 878.

No adverse claim to the fund arose until after a demand and a refusal to pay. Until the statute authorized it, no suit could be maintained against the county, and the statute of limitations did not run in its favor. *Carroll* v. *Tishamingo County*, 28 Miss. 38.

The right of action does not accrue until the claim has been disallowed by the board. The officer can legally presume that the county will make no claim to his fees, and could wait indefinitely before applying for the same. Until a refusal to pay, the statute does not commence to run.

Counsel also reviewed the statutes to show the liability of the county for the fees of the appellant in this case.

*Calhoon & Green*, for appellee.

The failure of appellant to present his claim for payment did not operate to stop the running of the statute of limitations. Sec. 2175 of the code of 1880, requiring that the claim shall be presented and payment refused before suit can be maintained, is for the benefit of the county and not its creditors. Presentation under this section is merely a means to procure payment. The right to sue the county is given as an additional remedy. This claim was barred by the three years' statute of limitations before the suit was begun. 28 Miss. 38; 41 Ib. 263; 51 Ib. 68, 731, 878; 42 Ib. 422, 732; 53 Ib. 148; 64 Ib. 254; 55 Ib. 187; 63 Ib. 178.

CAMPBELL, J., delivered the opinion of the court.

The rule is that, where a demand is necessary to perfect a right of action, the statute of limitations commences to run from the demand. Some modification of the rule, where the party has it in his power to make his right of action complete, and delays to do it, will be found stated in 13 Amer. & Eng. Enc. of Law, p. 726 *et seq.* Tried by the cases there cited, we think the plaintiff's action was not barred; but, independently of that, we are unable to say that any statute of limitation applies to the presentation of a claim against the county. All the statutes apply to actions or suits, and one is not maintainable against the board of supervisors until presentation and refusal to pay. *Carroll* v. *Board of Police*, 28 Miss. 38. No statute in terms applies to such case, and statutes of

limitation are not to be applied to cases not embraced by them. Delay to present claims against a county has not been found such an evil as to call for legislation to meet it, and there is no statute on the subject.

After the refusal of the board to pay the claim, the statute ran against the plaintiff's cause of action, but time enough to bar it did not elapse.

*Reversed and remanded.*