MADISON COUNTY *v.* SAMUEL R. COLLIER.*

[30 South. Rep., 610.]

1. ROADS. *Madison county.* Laws 1884, *p.* 318.    Laws 1890, *p.* 384.
*Repeal.* Code 1892.

The act of 1884 (Laws 1884, ch. 320, p. 318) and the act of 1890
(Laws 1890, ch. 250, p. 384), regulating the working of public
roads in Madison county, were not repealed by the adoption of
Code 1892.

2. SAME. *Pay of supervisors.* Laws 1890, *sec.* 8, *p.* 384.    *Statute of
limitations.* Code 1892, § 2739. *Open account.*

The claim of a member of the board of supervisors for compensa-
tion, under sec. 8 of the act of 1890 (Laws 1890, ch. 250, p. 384),
does not rest in open account and is not barred by (Code 1892,
§ 2739) the three-years', but by (Code 1892, § 2737) the six-years',
statute of limitations.

FROM the circuit court of Madison county.

HON. ROBERT POWELL, Judge.

Collier, appellee, was plaintiff in the court below; Madison
county, appellant, was defendant there.   Appeal and cross-
appeal.   The opinion fully states the case.

*A. P. Hill,* for appellant and cross-appellee.

The act of 1890, ch. 250, was repealed by the adoption of
the code of 1892; certainly the eighth section of the act, pro-
viding for the compensation of the members of the board of su-
pervisors, was repealed by secs. 2018, 2019 of said code, which
prescribe the entire compensation, or fees, to be paid supervisors.

*Chrisman & Howell,* for appellee and cross-appellant.

The act of 1884, ch. 320, was not repealed by the adoption of
the code of 1892.    *Madison County v. Stewart,* 74 Miss., 160
(s.c., 20 South. Rep., 857).   It follows, of course, that the act

*This case was decided at the October term, 1901, and reported in 79 Miss., 220; but
after delivering the opinion there reported, the court withdrew the same, substituting
therefor the opinion now reported, and set aside its previous judgment.

of 1890, ch. 320, including the eighth section, was not repealed thereby. Appellee's claim did not rest in open account, and no part of it was barred; he should have recovered upon his entire demand. The definitions of an open account are sufficient to maintain this point. Bouvier's Law Dictionary, and authorities there cited.

TERRALL, J., delivered the opinion of the court.

S. R. Collier was a member of the board of supervisors of Madison county for the years 1896, 1897, 1898, and 1899, inclusive, and performed all the duties of that office. In February, 1901, Collier filed his claim for $150 salary for each of said years, under Laws 1890, ch. 250, sec. 8, entitled "An act to insure the better working of the public roads in the county of Madison and for other purposes." The board of supervisors admitted upon the record that Collier had served as a member of the board for the years specified, under a regular election to said office, and had received no pay under the act of 1890, but disallowed said claim. An appeal bond was given by Collier, and the circuit court gave judgment for Collier for $300, holding that the three-years' statute of limitation had barred Collier for his salary for the years 1896 and 1897. The county appeals and Collier takes a cross-appeal. The contention of the county is based upon the idea that Laws 1890, ch. 250, is repealed by the code of 1892. Laws 1890, ch. 250, seems to be an amendment to Laws 1884, ch. 320, for working the public roads in Madison county by contract; and as it was held in *Madison Co.* v. *Stewart,* 74 Miss., 160 (20 South. Rep., 857), that the latter act was not repealed by the code of 1892, it seems to us that it must follow that Laws 1890, ch. 250, is not repealed by that code.

An examination of Code 1892, ch. 83, on limitations of actions, will disclose the information that the claim here sued for is governed by the limitation of either three or six years. Section 2737 makes six years the limitation of all actions for

which no other period is prescribed, and sec. 2739 reads thus: "Actions on open account or stated account, not acknowledged in writing signed by the debtor, and on any unwritten contract, express or implied, shall be commenced within three years next after the cause of such action accrued, and not after." If the claim of appellee, or any part of it, be barred of recovery, it is because it is covered by this latter section. It is perfectly clear that the demand here made does not come within the last clause of the section—that is, of the clause relating to unwritten contracts, express or implied—because it does not arise out of any contract of any sort, it being long settled in this state by the decision in *Swann* v. *Buck,* 40 Miss., 268, that the fees and salaries allowed to officers do not arise from contract. We are also of the opinion that this claim is not within the first clause of said section, because it does not arise out of account, open or stated. The term "account," when applied to transactions between persons, denotes a claim arising from contract, or from some fiduciary relation, in which parties meet and attempt to settle their pecuniary demands. If the items be agreed upon, it is said to be stated; if not agreed to, the account is open. Lexicographers define the word as coming from the Latin *"computare,"* which in the primary sense means to cleanse, to prune, and, figuratively, to adjust, settle, etc. The term carries the idea that it denotes an indebtedness arising from contract or from a trust relation, as bailiff, receiver, guardian, etc. 2 Am. & Eng. Ency. Law (2d ed.), 434, gives this definition, "An account is a written statement of pecuniary transactions, a detailed statement of demands in the nature of debit and credit, between parties arising out of contract or some fiduciary relation;" and many authorities are there cited.

We conclude that Collier is entitled to recover the whole amount sued for, as being within the limit of six years; and upon his cross-appeal the judgment below is reversed and the case is remanded for a new trial.

*Reversed and remanded.*