## DE SOTO COUNTY *v.* WOOD.*

(Division A. April 23, 1928. Suggestion of Error Overruled May 14, 1928.)

[116 So. 738.   No. 27030.]

*Corpus Juris-Cyc. References: Limitations of Actions, 37CJ, p. 800, n. 39.

*R. L. Dabney,* for appellant.

434

*H. G. Johnston,* for appellee.

*R. L. Dabney,* in reply, for appellant.

Argued orally by *R. L. Dabney,* for appellant, and by *H. G. Johnston,* for appellee.

Cook, J. The appellee, W. F. Wood, was regularly elected and qualified as circuit clerk of De Soto county, for the term beginning the first Monday of January, 1920, and ending on the first Monday of January, 1924. At the October, 1927, meeting of the board of supervisors of the county, the appellee filed his claim against the county for a balance alleged to be due him as circuit clerk of said county from April 1, 1922, to January 8, 1924,

under chapter 122, Laws of 1920, after crediting the county with all fees collected by him during that period. The board rejected the claim, and an appeal was prosecuted to the circuit court. In the circuit court the county, through its attorney, filed a motion to affirm the judgment of the board of supervisors on the ground that the appellee's account or claim was barred by the three-year statute of limitation (Hemingway's Code 1927, section 2637). This motion was overruled, and a judgment was entered against the county for the full amount of the claim, and from this judgment the county appealed to this court.

The appellant assigns several errors of the trial court, but the only one of sufficient importance to call for a discussion is based upon the action of the court in holding that the six (Hemingway's Code 1927, section 2635) and not the three-year statute of limitation applies to this claim.

In the case of *Madison County* v. *Collier*, 87 Miss. 204, 30 So. 610, this court held that the fees and salaries allowed to officers do not arise from contract, and that the six-year statute of limitation applies to claims for such fees or salaries. Whether we now follow and apply the doctrine of that case or whether we adopt and apply the doctrine of the United States supreme court as expressed in the recent case of *Robertson* v. *Miller*, 48 S. Ct. 266, 72 L. Ed. —, decided February 20, 1928, that, "after services have been rendered by a public officer under a law specifying his compensation, there arises an implied contract under which he is entitled to have the amount so fixed," the conclusion reached must be the same. The claim or action therefor is not upon an implied contract provable by parol, but is one provable by a writing. The promise to pay is implied by law after the services have been rendered by a public officer, but it is a promise the terms of which are provable by a writing embodied in the statute fixing the compensation which

will be paid upon the performance of the services by officer. *Washington* v. *Soria,* 73 Miss. 665, 19 So. 485, 55 Am. St. Rep. 555. We conclude, therefore, that the six-year statute of limitation applies to this claim, and that the judgment of the court below is correct.

*Affirmed.*

