GRENADA COUNTY *v.* NASON *et al.*

(Division A.  Feb. 17, 1936.)

[165 So. 811.  No. 31883.]

**S. C. Mims, Jr.,** of Grenada, for appellant.

Rush H. Knox, and Creekmore, Creekmore & Capers, all of Jackson, for appellees.

**McGowen, J.**, delivered the opinion of the court.

Mary R. Nason and others, as heirs at law of F. S. Nason, deceased, brought this suit in the circuit court of Grenada county to recover judgment for a balance of commissions alleged to have been due the said F. S. Nason as sheriff and tax collector of Grenada county; the amount thereof being eight hundred dollars.

With the declaration was filed as an exhibit, on December 17, 1934, an itemized account of the collection of taxes by Nason as sheriff and tax collector for the month of January, 1928. The total amount of the collections was sixty-four thousand eight hundred fifty-eight dollars and eleven cents, the commissions retained, six hundred forty-eight dollars and forty-seven cents, and the balance alleged to be due, eight hundred dollars. The amended declaration, filed January 7, 1935, alleged that the account or claim was presented to the board of supervisors on the ——— day of July, 1933, and was then and at subsequent meetings of the board of supervisors presented for payment, but that the board refused to allow said claim and had continued the same without allowing it from time to time and from meeting to meeting.

The claim sued on is based upon chapter 87, section 1, Laws 1928, which is as follows:

"Each tax collector shall be allowed to deduct for his services in making tax collections the following fees and commissions, each year, same to be deducted by the calendar year, commencing with January, 1928. . . .

"5% on the first $10,000.00 of all county and taxing district and drainage district taxes collected.

"2% on the excess over $10,000.00 of the county and taxing district and drainage district taxes collected, but not on exceeding $40,000.00.

"1% on all county and taxing district and drainage district taxes collected in excess of $50,000.00."

In January, 1928, at the time the collections were made, and until April 12, 1928, the law in force governing the fees and commissions of the sheriff and tax collector for such collections was chapter 193, section 1, Laws 1926, which is as follows: "The tax collectors in deducting commissions for the collection of ad valorem taxes shall deduct such commissions based upon the fiscal and not the calendar year." The only change was from a fiscal to a calendar year.

Among other pleas, Grenada county filed a plea of the six-year statute of limitation, to which there was no exception or replication. The case was tried before the judge of the court, who returned a judgment upon the evidence, which justified it in so far as the amount is concerned, for the full sum of eight hundred dollars sued for.

We omit other questions, and the decision of this case is based upon the six-year statute of limitation, section 2292, Code 1930. De Soto County v. Wood, 150 Miss. 432, 116 So. 738.

Chapter 87, Laws 1928, took effect from and after its passage and was approved, April 12, 1928.

Section 2291, Code 1930, is in this language: "Statutes of limitation in civil cases shall not run against the state, or any subdivision or municipal corporation thereof; but all such statutes shall run in favor of the state, the counties, and the municipal corporations therein; *and the statutes of limitation shall begin to run in favor of the state, the counties, and municipal corporations at the time when the plaintiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued upon.*" (Italics ours.) This statute has come down as section 2736, Code 1892 (when it first appeared), section 3096, Code 1906, and section 2460, Hemingway's Code 1917.

Counsel for appellees contend that the statute of limitations did not begin to run in this case until their claim had been presented to the board and by it rejected. Appellees rely on section 253 and the construction which has been placed thereon by this court, and especially upon the case of Miller v. Board of Supervisors of Hinds County, 68 Miss. 88, 8 So. 269, wherein this court held as follows:

"The rule is that where a demand is necessary to perfect a right of action, the statute of limitations commences to run from the demand. Some modification of the rule, where the party has it in his power to make his right of action complete, and delays to do it, will be found stated in 13 Amer. & Eng. Enc. Law, 726 et seq. Tried by the cases there cited, we think the plaintiff's action was not barred, but independently of that, we are unable to say that any statute of limitation applies to the presentation of a claim against the county. All the statutes apply to actions or suits, and one is not maintainable against the board of supervisors until presentation and refusal to pay. Carroll v. Board of Police, 28 Miss. 38. No statute, in terms, applies to such case, and stat-

utes of limitation are not to be applied to cases not embraced by them. Delay to present claims against a county has not been found such an evil as to call for legislation to meet it, and there is no statute on the subject.

"After the refusal of the board to pay the claim, the statute ran against the plaintiff's cause of action, but time enough to bar it did not elapse."

See, also, 37 C. J., sec. 334, p. 960, Covington County v. Morris, 122 Miss. 495, 84 So. 462, and Board of Supervisors of Jefferson County v. Lessing, 129 Miss. 1, 91 So. 697.

After the case of Miller v. Board of Supervisors of Hinds County, supra, was decided in 1888, on the adoption of the Code of 1892, section 2736 seems to have been passed in order to meet the situation and to prevent an undue length of time before a claim should be presented to the board of supervisors for allowance. Section 2736 has been in all the Codes since that time, and is section 2291 of the Code of 1930, which reads as follows: "The statutes of limitation shall begin to run in favor of the state, the counties, and municipal corporations *at the time when the plaintiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued upon.*" (Italics ours.)

Appellees also rely upon section 2307, Code 1930, which reads: "When any person shall be prohibited by law, or restrained or enjoined by the order, decree, or process of any court in this state from commencing or prosecuting any action or remedy, the time during which such person shall be so prohibited, enjoined or restrained, shall not be computed as any part of the period of time limited by this chapter for the commencement of such action."

It is true that under section 253, Code 1930, and the decisions of this court cited, supra, it is a condition precedent to the bringing of an action upon any claim or demand against the county that the party must present the

claim to the board of supervisors and there have it rejected. But there is no inhibition or restraint upon a claimant making his demand whenever his right so to do accrues; and section 2291 distinctly declares that the statute of limitation shall begin to run in favor of the state, the county, and municipal corporations at the time when the plaintiff first had the right to demand payment.

Chapter 87, Laws 1928, became effective as to the rights alleged by the appellees in the case at bar on April 13, 1928. They had a right to demand payment immediately upon the enactment of that law, which they claim allowed them certain commissions on the collections for January, 1928, of the deceased, theretofore earned by him. They made no effort to make any demand, as is disclosed by this record, until more than five years had elapsed, and they now contend that the statute of limitation in the face of this statute only began to run virtually at their pleasure. That was the law prior to the enactment of section 2291, but not since that time. There is no plea or proof indicating that any injunction or restraint of any kind prevented the appellees from making the demand and having their claim rejected immediately upon the date the law upon which they base their claim went into effect. There was no proof that they were prohibited by law or restrained or enjoined by any order of any court from filing their demand with the board of supervisors immediately upon the passage of the act. From the time they had a right to demand the allowance of their claim by the board of supervisors, they could not sit supinely by for six years or less or more and then file their claim and not put the statute of limitation in operation. They had entire control of whether or not they would present their claim early or late. In this case, they did not file their suit until December 17, 1934, more than six years had elapsed at that time from the date when they might have made demand for the pay-

ment of their claim. The condition precedent here does not toll the statute of limitations.

The presentation of a claim to a board and the rejection thereof, the condition precedent here before us, refers to the remedy. This preliminary step must be taken within the statutory period, and likewise also the action must be brought within the statutory period, or else the bar of the statute is complete. See 37 C. J., sec. 326, p. 955, sec. 343, p. 966. The case is similar to that of a party who desires to sue a receiver. He must first obtain the permission of the court to appoint a receiver, which is a condition precedent, but he cannot delay this preliminary until the statute of limitation has barred his claim and then destroy the efficacy of the statute of limitation. Also is this especially true as to a county where the officials change and the facts upon which the claims are based forgotten.

We have not dealt here with the question of whether or not, if the board of supervisors should delay passing upon the claim, the time of such delay should be deducted. That question is not presented here by pleading or proof.

On the record here, this claim is barred by the six-year statute of limitation. The court below held otherwise. The case is reversed, and the cause dismissed.

Reversed, and judgment here for appellant.