FUQUA *v.* BOARD OF SUPERVISORS OF ITAWAMBA COUNTY.

(In Banc.   Nov. 10, 1941.)

[4 So. (2d) 350.   No. 34715.]

Sharp & Sharp, of Booneville, and Sam E. Lumpkin, of Tupelo, for appellant.

8

A. T. Cleveland, J. H. Brown, and I. L. Sheffield, all of Fulton, for appellee.

*McGehee, J.,* delivered the opinion of the court.

This proceeding is by petition for a writ of mandamus, whereby the appellant seeks to compel the Board of Supervisors of Itawamba county to at once prepare for and take up certain alleged outstanding obligations in her favor from the proceeds of serial bonds to be issued for that purpose, under the provisions of section 5977, Code 1930, which makes such action mandatory in proper cases. The court below having overruled a demurrer interposed to the petition by the appellees, the cause was decided on an agreed statement of facts entered into in connection with the hearing of several pleas filed by the appellee, Board of Supervisors, among which was the plea of the six-year statute of limitations, section 2292, Code 1930. This plea having been sustained, a decision of the questions raised by the other pleas was pretermitted by the trial court, and the petition dismissed. From that action the petitioner has appealed, and the defendant, Board of Supervisors, has prosecuted a cross-appeal from the decision overruling its demurrer.

The agreed statement of facts discloses that the appellant rendered services as a school teacher in the Agricultural High School of Itawamba County during the scholastic sessions of 1931-2 and 1932-3, the last of which sessions began on August 22, 1932, and closed on April 15, 1933, with the result that all of such services were rendered prior to May 1, 1933; that the petitioner has not been paid for services rendered during five months of the session of 1931-2, and for two months of the session of

1932-3, aggregating the total sum of $590; that it had been the custom throughout a long period of years for the superintendent of the said agricultural high school to issue certificates each month to the teachers thereof, similar to those issued in this case, and made exhibits to the petition for mandamus, stating the amount of salary due the teacher for the current month, and that the same were then presented to the county superintendent of education for the issuance of his pay certificate, but that no pay certificates were issued by him to the petitioner during the periods in question when she presented the certificates of the superintendent of the agricultural high school each month, for the reason that no money was available for their payment; that the claim here involved was not presented to the Board of Supervisors at any time until the 6th day of June, 1939, and the demand on the Board of Supervisors to issue the bonds provided for under section 5977, Code 1930, supra, was not made by the petitioner and rejected by the Board until the 3rd day of July, 1939; but that neither at the time of the presentation of any of said certificates to the county superintendent of education, as aforesaid, nor during the period from May 15, 1933, to the 6th day of June, 1939, was there on hand in the county depository to the credit of the said agricultural high school a sufficient fund out of which any certificate in favor of the petitioner could have been paid.

Section 6675, Code 1930, requires that the Board of Supervisors of any county, where an agricultural high school has been established by the school board, shall levy on the taxable property of the county, at the time the annual tax levy is made, a tax not to exceed three mills for each school established in the county, and for the support and maintenance of said school, unless within twenty days after the levy is proposed to be made 20% of the qualified electors of said county shall file a petition, asking that the same be not levied, in which latter event an election shall be called to determine the question. And

it is agreed in the case at bar that a levy of only two mills was made by the Board of Supervisors during each of said years.

It is also provided by this statute that, ''The tax collected shall be deposited with the county depository, to be paid out by him on the order of the board of trustees for the high school . . .'' Then it is provided by section 6676, Code 1930, that, ''The trustees shall have control of the property, elect and fix salaries of all teachers of the school, and shall have full power to do all things necessary to the successful operation of such school.'' And under section 6684, Code 1930, it is the duty of the legislature to make appropriations to aid in the support and maintenance of such schools. But there is no statute requiring that the Board of Supervisors shall create a special fund, other than by the levy of the tax hereinbefore mentioned, for the support and maintenance of such schools, except that section 5977, Code 1930, under which this suit is brought, makes it mandatory that every county ''which has or may hereafter have legal and undisputed outstanding warrants or other obligations, and insufficient funds in the treasury to pay them or any of them, . . . to at once prepare for, and take up such warrants and other obligations from the proceeds of serial bonds which shall be issued for such purpose, . . .'' But no demand having been made on the Board of Supervisors to prepare for and take up the alleged obligations here involved, until more than six years after the right accrued to her to invoke this statute, and it not having been shown that the Board of Supervisors was ever advised during that time of the existence of appellant's claim, it cannot be said to have been derelict in its duty in that behalf. As to those claims which are ordinarily passed on for allowance or rejection by the Board of Supervisors from month to month, the board is advised as to the existence of such unpaid and outstanding obligations, and the statute in question then mandatorily requires that the bonds shall be issued for

the purpose of taking up the same. However, the board is not required to know of the existence of all obligations incurred by the trustees of an agricultural high school, and which are to be paid out of the funds of such school on deposit with the county depository only upon the order of the board of trustees.

Whatever right was granted to the petitioner by section 5977, supra, to demand that the Board of Supervisors should at once prepare for and take up these alleged obligations from the proceeds of serial bonds to be issued for that purpose, accrued to her more than six years prior to the filing of this suit on July 25, 1939.

Nothing has occurred since May 15, 1933, to change or enlarge any right that was given to her by the statute now invoked. Assuming, therefore, for the purpose of this decision, and for that purpose only, that the certificates issued by the superintendent of the agricultural high school were issued by authority of the trustees of said school, and that they constitute orders of the trustees to pay for the services rendered, and then further assuming that without regard to what was said in the case of Ayres et al. v. Board of Trustees of Leake County Agricultural High School et al., 134 Miss. 363, 98 So. 847, this suit would have been maintainable against the Board of Supervisors of the county, if brought within the period of limitation provided by law, and at the same time pretermitting any decision as to whether that case (which holds that suits against the county should only embrace those based upon claims which the Board of Supervisors had power to allow or to refuse to allow) applies to a mandamus proceeding wherein no judgment for the amount of the claim itself is sought against the county, and which seeks only to compel the Board of Supervisors to provide funds, in obedience to the mandate of a statute, to pay claims due under orders of the board of trustees of a county agricultural high school, we go directly to the question of whether or not the decision of the court below was correct in holding that the six-year statute

of limitations, section 2292, Code of 1930, would bar the right to obtain the relief herein sought.

The appellant contends that since section 5977, Code 1930, makes it mandatory on every county in this state which has, or may hereafter have, legal and undisputed outstanding obligations and insufficient funds in the treasury to pay them or any of them, to at once prepare for and take up such obligations from the proceeds of serial bonds which shall be issued for such purpose, and that since no mention therein is made as to the effect of any statute of limitations, the case at bar is analogous to that of Board of Supervisors of Prentiss County v. McRee, 185 Miss. 726, 189 So. 95, 96, wherein the Court, in construing section 15, chapter 255, Laws 1936, held that the statute of limitations may be waived by the legislature, and that it was waived in that particular statute, in that it mandatorily directed the payment of said indebtedness involved, without reference to the statute of limitations, the said section 15 of the act there under consideration providing that, ''The board of supervisors of any county in this state, which on the date of the approval of this act may have any valid and undisputed school tax anticipation notes, school warrants, teachers' pay certificates, school carriers' pay certificates, unpaid accounts, or other valid obligations outstanding, which are properly payable out of the common school fund of the county and for the payment of which there are insufficient funds in the county treasury and which cannot be paid out of the school funds made available for the current fiscal year ending June 30, 1936, is hereby authorized and empowered to borrow money in an amount sufficient to pay such valid and undisputed obligations, and to issue interest bearing negotiable notes or certificates of indebtedness therefor . . .'' It therefore becomes necessary to compare the provisions of the two statutes, and distinguish the McRee case from the one at bar.

In that case the petitioner for a mandamus alleged that he was the owner and holder of a large number of un-

paid valid and undisputed teachers' pay certificates and school carriers' pay certificates, and then alleged other facts necessary and sufficient to entitle him to the relief sought. There was a plea by the Board of Supervisors, as in the present case, that the cause of action was barred by limitation. A demurrer to this plea was sustained, and there was a judgment for the petitioner in accordance with his prayer. This judgment was affirmed on appeal, the Court saying that, ''The statute of limitations may be waived [by the legislature], and the statute here under consideration does just that. It mandatorily directs the payment of an indebtedness of the character here involved without reference to the statute of limitations, and there is nothing in the statute which would justify us in limiting its language to indebtedness that would not be barred by limitations if the statute should be plead thereto. So to do was within the power of the Legislature, and its mandate must be obeyed.''

It is not contended by the appellant in the case at bar that she is entitled to relief under chapter 255, Laws of 1936, section 15 thereof, since that statute, by its very terms, limits the obligations that are to be taken care of to such as are ''properly payable out of the common school fund of the county''; and it is conceded in the instant case that the claim of the appellant is not payable out of the common school fund of the county.

But as heretofore stated, it is argued that the construction given section 15, chapter 255, Laws 1936, in the Mc-Ree case, supra, applies with equal force to section 5977, Code 1930, which likewise mandatorily directs the payment of any legal and undisputed outstanding obligation of the county, without mentioning the question of whether or not the same is barred by any statute of limitations.

On first impression it may seem that there is some force in this argument; but when it is considered that section 5977, Code 1930, requiring every county ''which has or may hereafter have'' legal and undisputed outstanding obligations, to at once prepare for, and take up, the same

from the proceeds of serial bonds to be issued for that purpose, is a general statute passed prior to the time that the obligations here involved were incurred, and that chapter 255, Laws 1936, is a special statute, intended to authorize and require the payment, in the manner therein provided, of only such obligations as were outstanding on the date of the approval of that act, the analogy is not complete, since there cannot be ascribed to the legislature in the enactment of section 5977 a purpose to waive the statutes of limitation for all time to come as to all obligations which a county might incur in the future, as well as those then in existence. The purpose of this special statute, chapter 255, Laws of 1936, authorizing the payment of obligations then existing, is fully served when once complied with. Moreover, had the legislature not intended by its enactment to mandatorily require every county having such existing and outstanding obligations as are therein mentioned to make provision for the payment of the same without regard to whether they were barred by any statute of limitation, it would have been wholly unnecessary to enact the statute at all, since claims of the character therein mentioned, as well as any and all other legal and outstanding obligations of the county, were already covered and provided for by said section 5977, Code of 1930, aforesaid.

Again, it should be remembered that when chapter 209, Laws 1918, was carried forward as section 5977, Code 1930, there was likewise carried forward from the Annotated Code of 1892 as section 2291 of the Code of 1930, a statute which provides, among other things, that ''The statutes of limitation shall begin to run in favor of the state, the counties, and municipal corporations at the time when the plaintiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued upon.'' When these two sections of the same Code are considered together, we are unable to agree that the failure of section 5977 to make reference to any statute of limitation has the effect of waiving section 2291

as to all obligations of a county incurred after its enactment, such as the claim here involved. Such a construction would mean the repeal of that portion of section 2291, Code 1930, by judicial construction, notwithstanding that the legislature permitted the same to remain a part of the Code in which said section 5977 is found.

Applying section 2291, Code 1930, to the issue here involved, it will be found that in the case of Grenada County v. Nason et al., 174 Miss. 725, 165 So. 811, this Court held that the statutes of limitation now begin to run at the time when the plaintiff first has the right to demand payment of his claim in the manner provided by law, whereas the same did not begin to run prior to the enactment of that statute until the claim had been first presented to the board, and by it rejected; that the presentation of a claim to the board and the rejection thereof, as a condition precedent to the right to sue, refers to the remedy, and that this preliminary step must be taken within the statutory period; and that likewise the action must be brought within the statutory period, or else the bar of the statute is complete.

In 37 C. J. 966, section 343, it is said: ''Where the demand is a preliminary step referring only to the remedy and not to the right, the action will be barred if the demand is not made within the statutory period. This rule is applied to a cause of action against a county, state, or other municipal or similar body, where the presentment of a claim or a demand and refusal of payment are necessary to make the remedy by action presently available, to the necessity for a demand and refusal to perform an official duty before the institution of mandamus proceedings.''

In the case of Woodruff et al. v. State et al., 77 Miss. 68, 25 So. 483, the Court held that where a complainant's right to apply to the Court and compel the collection of taxes by the levee commissioners under an act of 1871 was involved, and the remedy provided was either mandamus against the taxing authorities, or by the appoint-

18

ment of special commissioners by the court for that purpose, the six-year statute of limitations bars these remedies. See, also, 35 Am. Jur., p. 64, section 311. Moreover, section 2292, Code 1930, expressly provides that, "All actions for which no other period of limitation is prescribed shall be commenced within six years next after the cause of such action accrued, and not after."

But it is insisted that when payment is provided for out of a particular fund to be created by the act of a debtor, he cannot plead the statute of limitations until he shows that such fund has been provided, citing County of Lincoln v. Luning, 133 U. S. 529, 10 S. Ct. 363, 364, 33 L. Ed. 766. In that case certain bonds had been issued under a statute of Nevada, known as the Funding Act of 1873, and the Court, in the course of its opinion, said: "In 1877 the county was delinquent in its interest, and the legislature passed an act amendatory to the act of 1873. This amendatory act provided for the registering of overdue coupons, and imposed upon the treasurer the duty of thereafter paying the coupons, as money came into his possession applicable thereto, in the order of their registration. . . . The coupons which by the general limitation law would have been barred were presented, as they fell due, to the treasurer, for payment, and payment demanded and refused, because the interest fund was exhausted. . . . This act, providing for registration, and for payment in a particular order, was a new provision for the payment of these bonds, which was accepted by the creditor, and created a new right upon which he might rely. It provided, as it were, a special trust fund, to which the coupon holder might, in the order of registration, look for payment, and for payment through which he might safely wait. It amounted to a promise on the part of the county to pay such coupons as were registered, in the order of their registration, as fast as money came into the interest fund, and such promise was by the creditor accepted; and, when

payment is provided for out of a particular fund to be created by the act of the debtor, he cannot plead the statute of limitations until he shows that that fund has been provided.''

To apply the principle announced in the concluding part of the above quotation to the case at bar, the county was not required to provide a special fund for the payment of the salaries of the teachers in the agricultural high school, except by the annual levy of a tax not exceeding three mills on the property of the county (which, according to the agreed statement of facts, was done), unless and until it had become advised of the existence of the outstanding obligation held by the appellant, and of the insufficiency of the funds in the treasury to pay the same, and had thereby been afforded an opportunity to prepare for and take up said obligation from the proceeds of bonds to be issued for that purpose. The county knew nothing of the appellant's alleged right to demand the issuance of such bonds until more than six years after her right to make the demand had accrued. Therefore, without regard to what was said in the Luning case, supra, under the particular facts there involved, the case at bar is controlled by the provisions of our own statute, section 2291, Code 1930, which provides, among other things, that the statutes of limitation shall begin to run in favor of a county at the time when the plaintiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued on. Her right to demand the payment of her salary for services rendered from the proceeds of bonds to be issued under section 5977, Code 1930, and to compel the issuance of the same by mandamus, upon the failure of the Board of Supervisors otherwise to do so, accrued, if at all, on May 15, 1933, and was barred by virtue of sections 2291 and 2292, Code 1930, at the time this proceeding was instituted.

We deem it unnecessary to determine the questions raised by the cross-appeal, for the reason that any conclu-

sion that we may reach thereon could not affect the decision rendered in this case.

Affirmed.