SMITH *v.* COPIAH COUNTY.

Jan. 18, 1954

No. 39043          49 Adv. S. 34          69 So. 2d 404

*L. Barrett Jones,* Jackson, for appellant.

*Henley, Jones & Woodliff,* Jackson and Hazlehurst, for appellee.

McGEHEE, C. J.

A former Sheriff and Tax Collector of Copiah County sued the County for certain sums of money alleged to be past due and owing to him as fees earned during his tenure of office and which he alleged had not been paid. The County in its answer made a counter claim against this former official wherein it claimed that the plaintiff had been overpaid in amounts which in the aggregate were much in excess of the demand made by the plaintiff. The suit was dismissed by agreement of the parties and without prejudice to either the claim of the plaintiff or the counterclaim of the County.

■■■ The judgment of dismissal without prejudice would constitute a final judgment. A few days after the suit was thus dismissed, but during the same term of court, the appellant Leland S. Smith, public accountant, filed his motion to be allowed to become substituted as plaintiff in the suit under and by virtue of the provisions of

Section 1448, Code of 1942, which provides among other things that "The assignee of any chose in action may sue for and recover on the same in his own name, if the assignment be in writing. In case of a transfer or an assignment of any interest in such chose in action before or after suit brought, the action may be begun, prosecuted and continued in the name of the original party, or the court may allow the person to whom the transfer or assignment of such interest has been made, upon his application therefor, to be substituted as a party plaintiff in said action." The trial court overruled this motion and declined to set aside the judgment rendered a few days prior thereto which dismissed the case upon the agreement of the original plaintiff and the defendant in that behalf without prejudice, and the appellant has prosecuted this appeal and assigns as error the refusal of the court to permit him to be substituted as plaintiff and proceed with the trial on its merits.

The amended declaration filed by the former sheriff and tax collector contains a number of written demands made to the board of supervisors by the appellant, Leland S. Smith, accountant, on behalf of the former sheriff and tax collector for the payment of the claims alleged to be due, and the motion of the appellant filed after the case had been dismissed without prejudice and by agreement of the original parties contains as an exhibit to the motion what purports to be a true copy of the contract of employment of the appellant by the former sheriff and tax collector, and this exhibit is in the following words:

"I am under the impression that you should receive additional sums from your County; and I propose to complete my investigation and file claim in your name on a 50-50 basis, no cure—no pay.

"If interested, you may sign the power of attorney below.

"Yours very truly,
"LELAND S. SMITH
"R. L. MILLER

"I hereby employ Leland S. Smith to investigate the records of the State of Mississippi, or any sub-division thereof, and make claim in my name for any additional sums due me, and agree to pay the said Smith 50% of any sums recovered at the instance of his efforts, and hereby assign to him one half interest in any sums, which may have been overlooked by me."

Assuming that the signature of Miller, the former sheriff and tax collector, underneath that of the appellant, is a sufficient signing of the alleged contract so as to constitute the same an assignment in writing of a 50% interest in the claims, the motion of the appellant to be allowed to be substituted as plaintiff in the case after the same had been finally dismissed without prejudice recites that the appellant "with the knowledge of said Miller employed counsel to bring the suit against Copiah County, Mississippi," and that the said counsel signed and approved the said order of dismissal, although the motion alleges that this was done without the consent of the movant.

In any event the order of dismissal would be binding upon the former sheriff and tax collector as a dismissal of his interest in the claim without prejudice, and since the entire suit was dismissed without prejudice the appellant still has whatever right that may have been vested in him by his alleged assignment to prosecute a suit in his own name.

The case of Graham v. Stewart, 152 Miss. 307, 120 So. 171, cited by the appellee would not be controlling in the instant case unless the appellant became an assignee of an interest in the subject matter of the suit after the defendant had filed its answer and counter claim. Moreover, the case of Curry v. Credit, 179 Miss. 692, 176 So. 723, deals only with the substitution of a different plaintiff under Section 567, Code of 1930, relating to amendments of pleadings or proceedings at any time before verdict and not to the right of an assignee to be sub-

stituted as a plaintiff under the provisions of the said Section 1448, supra.

We are therefore of the opinion that the judgment of the trial court should be affirmed as a judgment without prejudice.

Affirmed without prejudice to appellant.

*Hall, Lee, Arrington* and *Ethridge, JJ.*, concur.