SMITH *v.* COPIAH COUNTY, MISSISSIPPI

No. 40675 February 24, 1958 100 So. 2d 614

*L. Barrett Jones,* Jackson, for appellant.

*Henley, Jones & Henley,* Hazlehurst, for appellee.

Lee, J.

The background of this litigation is substantially as follows: R. L. Miller, after the expiration of his term from 1944 to 1948 as Sheriff and Tax Collector of Copiah County, employed Leland S. Smith to audit the books of the county and ascertain whether he was entitled, under the law, to additional sums for the performance of his duties. Under the contract, Smith was to receive fifty per cent of any recovery as a result of his efforts. Pursuant to his employment, he made an audit and during March and October of 1950 filed claims with the board of supervisors for the allowance of various and sundry amounts. All of the items were disallowed in April 1951 except two, which were not mentioned.

On December 31, 1951, Miller filed suit against the County to recover an aggregate amount of $3,670.72. The answer of the County denied the material allegations of the declaration and made a cross-claim for $8,566. On November 5, 1952, in an order approved by Miller and his attorney and by the attorneys for the defendant, the suit, including both the plaintiff's demand and the defendant's cross-demand, was dismissed without prejudice at the cost of the plaintiff.

On November 10, 1952, Smith filed a motion to substitute himself as plaintiff in the suit, already dismissed, alleging that the cause had been dismissed without his consent and that he had a vested interest therein. The motion was overruled. Thereupon, he appealed to this Court, where the judgment of dismissal was affirmed without prejudice to him. Smith v. Copiah County, 219 Miss. 633, 69 So. 2d 404.

On August 13, 1954, Smith filed a bill in the chancery court against Copiah County, setting up his employment by Miller to collect from the County any sums due, his compensation to be fifty per cent of the amount collected, charging the amount due Miller to be $3,885.40, of which he was entitled to fifty per cent, and praying for

an audit and the statement of an account. The demurrer of the County was sustained on the ground that the bill failed to state any equity jurisdiction, and the cause was transferred to the Circuit Court of Copiah County. The pleadings were thereupon reformed by the filing of a declaration to the same effect as the allegations of the bill. The answer of the defendant denied the material allegations of the declaration, and pled specially the statutes of limitation, Section 721, 722 and 729, Code of 1942, Recompiled.

The cause was heard on the plea. Smith called as an adverse witness for the purpose of cross-examination, admitted that his suit was predicated upon the claim of Miller for services from the time he took office, January 1944, until he went out of office, January 1948.

At the conclusion of the evidence, the court entered a judgment sustaining the bar of the statute of limitations, and dismissing the suit at the cost of the plaintiff. From the judgment entered, Smith appealed.

The appellant contends that a suit against the county is not barred until six years after the claim is rejected, citing particularly Honea v. Monroe County, 15 So. 789 (Miss.), and Madison County v. Collier, 87 Miss. 204, 30 So. 610; that Miller filed his suit in time; that not until the decision in Smith v. Copiah County, supra, did appellant have any independent right of action; and that thereafter he moved promptly to enforce his right, and the same was not barred.

 █ This Court has held that the six-year statute of limitation, Section 722, Code of 1942 Recompiled, applies to the claims of a supervisor, a circuit clerk, and a sheriff and tax collector for alleged additional compensation due them. Madison County v. Collier, 87 Miss. 204, 30 So. 610; De Soto County v. Wood, 150 Miss. 432, 116 So. 738; Forrest County v. Thompson, 204 Miss. 628, 37 So. 2d 787.

██ ██ Under Section 721, Code of 1942 Recompiled, the statutes of limitation run in favor of a county; and they begin to do so "at the time when the plaintiff first had the right to demand payment of the officer or board authorized to allow or disallow the claim sued upon."

In Grenada County v. Nason, 174 Miss. 725, 165 So. 811, the heirs of F. S. Nason, deceased, a former sheriff and tax collector of Grenada County, sought to recover a balance of commissions alleged to have been due the decedent. They made a claim to the board of supervisors, but it refused to allow the same and continued it without making the allowance from time to time and meeting to meeting. The claimants finally sued. The county pled the six-year statute of limitation in bar of the action. The plaintiffs there contended that the statute did not begin to run until their claim had been presented to, and rejected by, the board. The Court observed that following the decision in the case of Miller v. Board of Supervisors of Hinds County, 68 Miss. 88, 8 So. 269, in 1880, which held that the statute of limitation did not run until after the presentation of the claim to the board, the Legislature enacted Section 2736, Code of 1892, for the purpose of changing that construction, and that this section had since remained unchanged. The Court held that, before the enactment of that statute, the limitation did not run against the claim until after its presentation to, and rejection by, the board; but after the enactment of Section 2736, supra, now Section 721, Code of 1942 Recompiled, the limitation began to run from the date of the accrual of the right.

In Fuqua v. Board of Supervisors of Itawamba County, 192 Miss. 6, 4 So. 2d 350, Miss Fuqua taught in the agricultural high school of the county during the sessions of 1931-1932 and 1932-1933, her last services being rendered prior to May 1, 1933. She presented her claim to the board on June 6, 1939, and her demand upon, and rejection by it, did not occur until July 3, 1939. The six-

year statute of limitation, now Section 722, supra, was pled by the county in bar of the action. The plea was sustained and the action of the trial court was upheld by this Court.

■ ■ Miller's term of office expired the First Monday of January 1948. Section 4028, Code of 1942, Recompiled. His right to file a claim for compensation for the alleged services accrued at that time. He made his claim and filed a suit on December 31, 1951, within the six-year period; but after doing so, he took a voluntary dismissal.

■ ■ Smith was an assignee of fifty per cent of the proceeds that might be recovered. Miller's dismissal was binding upon him, but it did not destroy the right of Smith, under his assignment, to prosecute a suit in his own name. Smith v. Copiah County, supra. ■ ■ Smith's right could rise no higher than Miller's. ■ ■ Being dependent upon and growing out of the claim of Miller, obviously it was necessary that he should bring his suit within six years from the date of accrual to Miller. That was not done. Instead he filed his suit on August 13, 1954, more than six years from the date of such accrual.

■ ■ The time within which Smith could bring his suit was not lengthened, nor was the time during which Miller's suit was pending excepted from the limitation. In W. T. Raleigh Company v. Barnes, 143 Miss. 597, 109 So. 8, it was said: "The dismissal of a suit without prejudice 'does not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right or advantage on the complainant (plaintiff), and hence it will not have the effect of excepting from the period prescribed by the statute of limitations, the time during which that suit was pending,' '' citing Nevitt v. Bacon, 32 Miss. 212, 66 Am. Dec. 609.

From which it follows that the judgment of the trial court must be, and is, affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.