495 So.2d 494 (1986)
John E. FORD
v.
C.W. WHITE and C.T. White.
No. 57090.
Supreme Court of Mississippi.
October 1, 1986.
*495 Murray L. Williams, Water Valley, for appellant.
Robert H. Broome, Batesville, Thomas J. Lowe, Jr., Jackson, for appellees.
Before WALKER, C.J., and SULLIVAN and GRIFFIN, JJ.
GRIFFIN, Justice, for the Court:
This action comes before us from the Chancery Court of the Second Judicial District of Yalobusha County, Mississippi. In response to plaintiff's complaint, defendant filed a M.R.C.P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief could be granted, which the lower court sustained. We reverse the lower court's judgment, and remand the cause to that court for further proceedings consistent with this opinion.
On March 5th, 1976, C.W. White and C.T. White executed a lease agreement, as lessors, with the Lewis Grocer Company of Indianola, Mississippi, to build a convenience food store and a parking lot according to detailed plans and specifications prepared by and at the expense of lessors, and to be approved by the Lewis Grocer Company.
The primary term of the lease was to extend ten years, with an option to renew the lease for four successive terms of five years each. The lease contained twenty-five separately drawn paragraphs. Pertinent to this case is the paragraph which reads,
If the leased premises be destroyed by fire, the elements or other casualty, then lessors should repair or replace such damages within a reasonable time after the occurrence of the damage.
This lease between the Whites and the Lewis Grocer Company was fixed for a term beginning on July 22, 1976, and ending at midnight July 21, 1986.
The lease was subsequently reassigned several times until it landed in the hands of assignee John Ford, appellant in this case. Then, only three days after this last conveyance, a series of tornadoes struck Water Valley and the building was destroyed completely. Ford's telephone calls to the Whites requesting that they fulfill their contractual duty to rebuild went unanswered and were not timely acted upon. Ford alleges that he suffered damages to his equipment and supplies located in the store when the tornado struck, as well as the loss of inventory and stock purchased in anticipation of his reopening his business upon reconstruction of the building. Further, Ford alleges that he was forced to rent storage space in the interim and that he suffered a net loss of $3,000 per month over and above his operating expenses for the failure and refusal of the Whites to reconstruct the convenience food store and parking lot area.
Ford filed a complaint against the Whites on September 24, 1985, for breach of covenant, seeking specific performance and consequential damages incurred, and prayed as well for punitive damages. Defendants declined to file an answer, but instead filed a 12(b)(6) motion to dismiss on the grounds *496 that: (1) the complaint failed to state a claim upon which relief may be granted; (2) there exists no contractual relationship between the plaintiff and defendants due to the language of the lease, the assignment and sublease; and (3) the lease is between the Lewis Grocer Company, as lessee, and the Whites, lessors.
On appeal, this Court need only address the 12(b)(6) motion to dismiss made by defendants, which we hold the Chancery Court erred in sustaining.
A 12(b)(6) motion to dismiss has replaced and become a successor to what was formally recognized as the common law demurrer. Once the trial court entertains the motion and proceeds to sustain such motion, the effect is to forego deciding the case on its merits, simply because plaintiff did not, as required by our judicial system, state a claim upon which relief may be granted. However, "we are mindful of the current judicial practice favoring disposition of cases on their merits." Franklin County Co-op v. M.F.C. Services (A.A.L.), 441 So.2d 1376 (Miss. 1983). In keeping with this trend, we note that while the 12(b)(6) motion is the correct means to test the legal sufficiency of the complaint, for it to be properly granted it must appear to a certainty that the plaintiff is entitled to no relief under any set of facts presented that could be proven in support of his claim. Franklin, supra, at 1376; Stanton & Associates, Inc. v. Bryant Construction Co., 464 So.2d 499 (Miss. 1985); and Busching v. Griffin, 465 So.2d 1037 (Miss. 1985). We cannot say to a certainty that plaintiff, under any set of facts that could be proved in support of his claim, would not be entitled to relief in this action.
The chancellor sustained appellee's motion to dismiss and proceeded without presentation of any evidence pertinent to the cause on the basis that appellant's claim did not establish that as assignee of the lease he was entitled to a cause of action for breach of the lease, the court finding instead that the original lessee, the Lewis Grocer Company, was the sole party who might have a cause of action against the lessors. The chancellor noted that the Lewis Grocer Company, and not Ford, had the obligation and continuing responsibility for the rent beyond the time of assignment and not just up to the time it was signed. The chancellor concluded that the Lewis Grocer Company could not discharge its responsibilities to the lessors simply by assigning a lease of its choosing to its assignee. The lessee may still be bound by its lease with the lessor, and the chancellor in his opinion quotes a portion of the lease applicable to this proposition, which reads:
Provided that in the event that the lessee does assign or sublease said premises or any part thereof, lessee shall nevertheless be liable for the rents called for herein.
None of this is disputed by this Court; we do, however, find that although lessees continue to be bound by their contract entered into initially with the Whites, this contractual relationship does not interfere or preclude assignee from acting upon a breached lease.
In fact, the actual assignment of the lease gave Ford, as assignee, all the rights, title and interest that had formerly belonged to the assignor and had once existed between assignor and lessors C.W. White and C.T. White.
Assignment of Lease
For and in consideration of the sum of Ten Dollars and other good and valuable considerations, the receipt and sufficiency of which is hereby acknowledged, and in accordance with the terms of that certain Letter of Agreement by and between Major Mart Inc., a Mississippi corporation, (Major) and John Ford, a Mississippi corporation, (Ford); Major as lessee, and Ford as assignee, agree as follows:
(1) Major as lessee, hereby conveys, sales and assigns to Ford as assignee, all *497 of its right, title and interest in and to that certain lease by and between Major lessee, and C.W. White and C.T. White, lessors, attached hereto as Exhibit "A" (Lease) and incorporated herein, for and during the remainder of the term of said lease and any extensions thereof, and subject to all of the terms and conditions contained therein.
On numerous occasions this Court has said that in assignments of contracts between parties an assignee obtains no greater right in the thing assigned than was possessed by the assignor, but simply stands in the shoes of the latter and assignee's rights can rise no higher than assignor's. See, Indiana Lumberman's Mutual Insurance Co. v. Curtis Mathes Mfg. Co., 456 So.2d 750 (Miss. 1984); Smith v. Copiah County, 232 Miss. 838, 100 So.2d 614 (Miss. 1958); Simmons v. Smith County Bank, 225 Miss. 384, 83 So.2d 441 (Miss. 1955); and Canton Exchange Bank v. Yazoo County, 144 Miss. 579, 109 So. 1 (Miss. 1926).
The logical inversion of this rule dictates that the assignee must acquire all those rights, interests and remedies available to assignor, and in the case sub judice this apparently includes those the lessor incorporated in the original lease, one of which granted the lessee and subsequent assignees the right to timely make a request for reconstruction of the building in the event of fire, casualty or other act of God.
Hence, when the complaint, the lease, and the subsequent assignments attached are viewed with the aforementioned rules concerning a 12(b)(6) motion to dismiss, it is apparent that appellant stated a set of facts concerning an action for breach of the lease which, if proved, entitle him to the appropriate relief necessary to rectify the wrong committed against him. In so stating, however, the Court does not adjudicate that the particular relief available to him is specific performance of the lease.
REVERSED AND REMANDED.
WALKER, C.J., ROY NOBLE LEE and HAWKINS, P.JJ., and DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.