# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-CA-00603-SCT

*THELMA R. KOESTLER AND LEO C. (MICKEY)
KOESTLER, DECEASED, BY AND THROUGH
THELMA R. KOESTLER*

*v.*

*MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.;
BAPTIST MEMORIAL MEDICAL CENTER, INC.;
BAPTIST BEHAVIORAL HEALTH SERVICES;
WILLIAM S. COOK, JR., M.D., P.A.; WILLIAM S.
COOK, JR., M.D., INDIVIDUALLY AND/OR IN HIS
CAPACITY AS AN EMPLOYEE OF MISSISSIPPI
BAPTIST MEDICAL SYSTEMS, INC., AND/OR IN
HIS CAPACITY AS AN EMPLOYEE OF
MISSISSIPPI BAPTIST MEDICAL CENTER, INC.,
AND/OR IN HIS CAPACITY AS MEDICAL
DIRECTOR OF BAPTIST SENIOR BEHAVIORAL
HEALTH SERVICES; KHARI A. OMOLARA, P.C.;
KHARI A. OMOLARA, M.D., INDIVIDUALLY
AND/OR IN HIS CAPACITY AS AN EMPLOYEE
OF MISSISSIPPI BAPTIST HEALTH SYSTEMS,
INC., AND/OR IN HIS CAPACITY AS AN
EMPLOYEE OF MISSISSIPPI BAPTIST MEDICAL
CENTER, INC., AND/OR IN HIS CAPACITY AS
CONTRACTOR OF BAPTIST BEHAVIORAL
HEALTH SERVICES; GRACE SCOTT, R.N.,
INDIVIDUALLY AND/OR IN HER CAPACITY AS
AN EMPLOYEE OF MISSISSIPPI BAPTIST
HEALTH SYSTEMS, INC., AND/OR IN HER
CAPACITY AS AN EMPLOYEE OF MISSISSIPPI
BAPTIST MEDICAL CENTER, INC., AND/OR IN
HER CAPACITY AS EMPLOYEE OF BAPTIST
BEHAVIORAL HEALTH SERVICES; TIFFANY
PARKER, L.S.W., INDIVIDUALLY AND/OR IN
HER CAPACITY AS AN EMPLOYEE OF
MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.,
AND/OR IN HER CAPACITY AS AN EMPLOYEE
OF MISSISSIPPI BAPTIST MEDICAL CENTER,*

*INC., AND/OR IN HER CAPACITY AS EMPLOYEE*
*OF BAPTIST BEHAVIORAL HEALTH SERVICES;*
*BECKY IVEY, O.T., INDIVIDUALLY AND/OR IN*
*HER CAPACITY AS AN EMPLOYEE OF*
*MISSISSIPPI BAPTIST HEALTH SYSTEMS, INC.,*
*AND/OR IN HER CAPACITY AS AN EMPLOYEE*
*OF MISSISSIPPI BAPTIST MEDICAL CENTER,*
*INC., AND/OR IN HER CAPACITY AS EMPLOYEE*
*OF BAPTIST BEHAVIORAL HEALTH SERVICES;*
*S. INMAN, R.N., INDIVIDUALLY AND/OR IN HER*
*CAPACITY AS AN EMPLOYEE OF MISSISSIPPI*
*BAPTIST HEALTH SYSTEMS, INC., AND/OR IN*
*HER CAPACITY AS AN EMPLOYEE OF*
*MISSISSIPPI BAPTIST MEDICAL CENTER, INC.,*
*AND/OR IN HER CAPACITY AS AN EMPLOYEE*
*OF BAPTIST BEHAVIORAL HEALTH SERVICES;*
*AND STACEY ASHLEY, INDIVIDUALLY*

| | |
|---|---|
| DATE OF JUDGMENT: | 03/18/2009 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | MARCIE T. SOUTHERLAND |
| | BRANAN P. SOUTHERLAND |
| ATTORNEYS FOR APPELLEES: | EUGENE R. NAYLOR |
| | REX M. SHANNON, III |
| | ANASTASIA G. JONES |
| | CLIFFORD B. AMMONS |
| | LORRAINE W. BOYKIN |
| | WHITMAN B. JOHNSON, III |
| | FRANK F. FARMER |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 10/07/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**GRAVES, P.J., DICKINSON AND CHANDLER, JJ.**

**DICKINSON, JUSTICE, FOR THE COURT:**

¶1. After voluntarily seeking treatment at a mental-health facility, Thelma Koestler claims

she changed her mind and demanded that she be released. Because the facility refused to

2

release her, she filed suit against numerous defendants, alleging several causes of action, including false imprisonment. The defendants filed a motion for summary judgment based in part on the running of the statute of limitations. We affirm.

## BACKGROUND

¶2.     On October 2, 2006, at the urging of her children, Thelma Koestler voluntarily admitted herself to Mississippi Baptist Medical Center ("Baptist") for treatment of what Thelma called "mild depression" caused by the imminent death of her husband of more than fifty years. She claims she changed her mind on the same day she was admitted, and demanded to be released, but her doctor refused her request, ordering instead that she be held in a locked ward.

¶3.     On October 11, 2006, Thelma's daughter filed an affidavit for civil commitment with the Hinds County Chancery Clerk. On October 16, 2006, a special master conducted a hearing which resulted in an order of civil commitment.[1] Thelma was then transferred to the Mississippi State Hospital on October 24, 2006, and was released on November 3, 2006.

¶4.     On October 1, 2007, Thelma filed suit against her doctors, Baptist, and Baptist's staff, alleging false imprisonment, assault and battery, invasion of privacy, intentional infliction of emotional distress, and loss of consortium. On January 29, 2008, pursuant to Mississippi Rule of Civil Procedure 41,[2] Thelma voluntarily dismissed her complaint and refiled on January 30, 2008.

---

[1] Thelma successfully appealed her civil commitment in *Koestler v. Koestler*, 976 So. 2d 372 (Miss. Ct. App. 2008).

[2] Miss. R. Civ. P. 41.

3

¶5.     Dr. Khari A. Omolara filed a motion for summary judgment, which was joined by all defendants.  On March 19, 2009, the trial court granted summary judgment in favor of the defendants, finding, among other things, that Thelma's claims were barred by the statute of limitations.  From that order, Thelma appeals and raises several issues, including her argument that the trial judge erred in holding that the statute of limitations bars her suit.  Because we find the statute-of-limitations issue dispositive, we decline to address the other issues.

**ANALYSIS**

¶6.     We apply a de novo standard of review to the trial court's grant or denial of a motion for summary judgment.[3]  A motion for summary judgment "shall" be granted by a court "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[4]

¶7.     We also review statute-of-limitations issues under a de novo standard.[5]  Thelma admits that all her claims are governed by Mississippi Code Section 15-1-35, which provides a one-year statute of limitations, and that absent some tolling provision, the statute of

---

[3] *Moss v. Batesville Casket Co.*, 935 So. 2d 393, 398 (Miss. 2006)  (citations omitted).

[4] M.R.C.P. 56(c).

[5] *Marshall v. Kansas City S. Ry. Co.*, 7 So. 3d 210, 213 (Miss. 2009) (citing *Champluvier v. Beck*, 909 So. 2d 1061, 1063 (Miss. 2004)).

limitations would have expired on October 2, 2007 – one year from the date of the beginning of Thelma's alleged false imprisonment.[6]

¶8. Although Thelma filed her original complaint on October 1, 2007, she did not serve Dr. Omolara or the other defendants. Instead, on January 29, 2008, she voluntarily dismissed the complaint pursuant to Rule 41[7] and, on January 30, 2008, filed a second complaint based on identical facts.

¶9. Ordinarily, the filing of a complaint tolls the statute of limitations.[8] But we have held that

> a voluntary dismissal without prejudice does not deprive the defendant of any defense he may be entitled to make to the new suit, nor confer any new right or advantage on the complainant (plaintiff), and hence *it will not have the effect of excepting from the period prescribed by the statute of limitations, the time during which that suit was pending.*[9]

¶10. Thelma argues her claim is timely because when she filed the original complaint, one day remained before the statute of limitations expired. She says filing the complaint tolled the statute for 120 days until January 29, 2008, and she filed suit the following day, January 30, 2008.

---

[6] Because Thelma stipulated that all her claims were subject to a one-year statute of limitations, the question of whether Section 15-1-35 of the Mississippi Code does in fact cover each of those claims is not before this Court. Therefore, today we do not address which torts are subject to the provisions of that code section and which are not.

[7] M.R.C.P. 41(a)(1)(i).

[8] *Erby v. Cox*, 654 So. 2d 503, 504-05 (Miss. 1995).

[9] *Marshall*, 7 So. 3d at 213 (Miss. 2009) (emphasis added) (quoting *Smith v. Copiah County*, 232 Miss. 838, 100 So. 2d 614, 616 (1958)).

¶11.    But Thelma provides no argument as to why the rule in *Marshall* should not apply. Her voluntary dismissal of the first complaint deprived her of the tolling normally provided by filing a complaint. So the statute of limitations ran long before the second suit was filed.

¶12.    Thelma next argues that "retroactively" applying this rule would be fundamentally unfair. However, our decision is not based on new law,[10] and her argument has no merit.

## CONCLUSION

¶13.    The filing of a complaint does not toll the statute of limitations when the plaintiff voluntarily dismisses the suit. Thelma voluntarily dismissed her first complaint, so the statute of limitations was not tolled, and it ran approximately four months before she filed her second complaint. The judgment of the trial court is affirmed.

¶14.    **AFFIRMED.**

**WALLER, C.J., CARLSON AND GRAVES, P.JJ., RANDOLPH, LAMAR, KITCHENS, CHANDLER AND PIERCE, JJ., CONCUR.**

---

[10] *Smith*, 100 So. 2d at 616; *W.T. Raleigh Co. v. Barnes*, 143 Miss. 597, 109 So. 8, 9( 1926); *Nevitt v. Bacon,* 32 Miss. 212, 1856 WL 4011, *10 (Miss. Err. & App. 1856).