## SPEIR *v.* MOSELEY.

(Division A. Sept. 29, 1930.)

[130 So. 53. No. 28741.]

Ross R. Barnett, of Jackson, for appellant.

W. A. Scott, Jr., of Jackson, for appellee.

Argued orally by **E. L. Shelton**, for appellant, and by **W. A. Scott, Jr.**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Moseley, appellee, sued Speir, appellant, in a justice of the peace court on an open account for eighty dol-

lars, in which court a jury was demanded and a verdict rendered for Speir, the appellant. Moseley appealed the case to the county court, where, upon a trial by the court without the intervention of a jury, a judgment was rendered in favor of appellee, from which judgment Speir prosecuted an appeal to the circuit court, and the judgment of the county court was affirmed; thereupon an appeal is prosecuted here.

The only question presented by this appeal is whether or not the county court erred in refusing to grant the appellant trial by jury in that court.

We think the following facts are essential to an understanding of the point: It is stated by the county court judge, as shown by the record, that upon refusing the jury he stated that the case had been set for Friday of the jury week, at which time there were jurors regularly impaneled. The court further states that this was the only case wherein a jury trial was asked which had not been disposed of, and that the case was called several times and passed until Saturday of the week, and on Saturday the court, on request of the defendant, passed the case until Monday. On Saturday the court discharged the jury, and on Monday morning proceeded to take up cases in which juries had not been demanded. It took up and tried this case. The clear intimation from the statement of the judge is that he was of the opinion that a jury trial was waived by the action of the appellant in asking that the case be passed. The record shows that the case on its merits was an issue of fact with conflicting evidence thereon.

We think it is clear that if the case had been appealed to the circuit court before the establishment of a county court in Hinds county the appellant would have been entitled to a trial of his case by a jury; the circuit court of this state being the common-law court, and there being no constitutional or statutory enactment otherwise. Of course, the right of trial by jury is a substantial right

which, however, is subject to reasonable regulation. See City of Jackson v. Clark, 152 Miss. 731, 118 So. 350.

Chapter 131 of the Laws of 1926, section 2, creating the county court and prescribing the practice and, procedure therein, in effect, provides that the rules on pleading, practice, and procedure in said court shall be the same as those which are in force in the several other courts in cases of which the county court has jurisdiction. The same procedure existing in a justice court in that character of case should be the rule of practice in the county court; the same practice as to a chancery court case as was then existing in the chancery court should be the practice in the county court, and likewise the circuit court. Section 5 of the same act is, in part, as follows: "All appeals from courts of justices of the peace, special and general, and from all municipal courts shall be to the county court under the same rules and regulations as are now provided on appeals to the circuit court." Section 8 of the act provides, in substance, that a jury of twenty shall be drawn and impaneled for service in that court for each week, and the jury shall consist of twelve men. This section further provides that either party to a suit in a county court may demand a jury, but the plaintiff shall make his demand and file same with the filing of the declaration, and the defendant shall make his demand therefor on the filing of his plea or answer, but the court is authorized to allow a jury trial at its discretion for causes thereafter occurring. This section further provides that jury cases shall be first tried, and when such cases are disposed of the jury shall be discharged. The court is authorized on the first day of the term to discharge the jury to a future day, and the laws applicable to the circuit court are applicable to jury trials in the county court, except where specifically otherwise authorized. Another section of the act provides for appeals from judgments of justices of the peace to the county court instead of the circuit court.

It will be observed that there is no provision requiring any demand for a jury on the part of either party to an appeal from a judgment of a justice of the peace in the county court. It will be further observed in this behalf that the rules of practice and procedure in the county court ought to be the same as in the circuit court. We do not think there is any merit in the view taken by the lower courts that, having obtained a delay of his case to the week in which cases were to be tried before the court without the intervention of a jury, appellant waived his right to a trial by jury. We do not think it requires any discussion on our part that there was no waiver of his right to a trial by jury. This record shows that the court and, parties understood that this case was for trial before a jury, and the fact that the appellant desired a delay of his case cannot deprive him of a substantial right. If the court passed the case beyond the time when he arranged to have a jury in court, he should have borne this in mind and ordered the jury to reassemble or had another jury impaneled to try the case. Before the court proceeded to try the case, the appellant demanded a jury which was refused him by the court. This was error. The court should have ordered a jury impaneled to try the case. The delay of the case was the action of the court and not the action of the party, although the party procured the court to so act.

Reversed and remanded.