COVINGTON *v.* QUITMAN COUNTY.

(In Banc. April 24, 1944.)

[17 So. (2d) 597. No. 35558.]

**T. N. Gore,** of Marks, for appellant.

**Van D. Stone** and **E. C. Black,** both of Marks, for appellee.

418

**Griffith, J.**, delivered the opinion of the court.

Appellant was the circuit clerk and ex officio county court clerk of Quitman County during the years 1936 to

1939, inclusive. He was allowed by the circuit court for each of said years the sum of $600 "for public services not particularly provided for," the amount being the maximum that could be allowed in that county. After the expiration of his term, appellant filed a petition the county court praying that he be allowed a similar sum for each of said years as compensation as county court clerk, that is to say, for public services not particularly provided for. The petition was denied by the county court, and the circuit court affirmed.

Section 699, Code 1930, in the County Courts Chapter, so far as material to this case reads as follows: "The clerk and sheriff shall receive the same fees for attendance, and for other services as are allowed by law to the clerk and to the sheriffs for like duties in the circuit and chancery courts," etc. We will underline the words "fees" "allowed by law" and "in the circuit and chancery courts," and note particularly that the word fees, as used in statutes of this nature, is to be interpreted, according to its common usage, as a charge fixed by law for the services of a public officer.

It was found some years ago that the fees fixed by law for services of the circuit clerk in the circuit court, together with those fixed by law for the services which he was required to render outside of those strictly in the circuit court, were not adequate to cover all the public services which that officer was obliged to render, and did render; and successive statutes were enacted which by Sec. 1788, subsection (c), Code 1930, and as applicable to the county here involved, is in the present form: "For public service not particularly provided for, the circuit court may allow the clerk, per annum, to be paid by the county on the order of the board of supervisors, to be entered on presentation of the circuit court's order, the following amounts: In counties where the assessed valuation of real, personal and public service corporations property does not exceed eight million dollars, an annual sum not exceeding $600."

And statutes of a similar, although not exactly the same, import were enacted for the allowance of additional compensation to the chancery clerk. The present statute on that feature is Sec. 1786, subsection (y), Code 1930, and reads as follows: ''For other services as clerk of the board of supervisors and as clerk of the chancery court, an allowance may be made to him, within the discretion of the board of supervisors, upon the approval of the chancellor of the district, payable semi-annually,'' etc.

A close examination of the quoted statutes is sufficiently informative. In the subsections there is no mention of fees in the circuit and chancery courts, but as already stated, these subsections were designed to cover services rendered to the public beyond and outside of the fixed fees. These services are many and varied in character. The subsections do not deal with fees *allowed* by law, but with an additional or extra compensation *allowable* by law, and which do not become due at all unless or until the circuit judge has determined the amount within the statutory limitation to be paid to the circuit clerk, or until the chancellor has approved the amount to be allowed to the chancery clerk.

When we turn to the above quoted statute governing the compensation to the county court clerk, who by law is the same person as the circuit clerk, it is at once to be observed that the compensation of the county clerk is, by express language, confined to the fees allowed by law for like duties in the circuit and chancery courts, which means that the county clerk must look to the fixed schedule of the fees allowed by law for services in the circuit and chancery courts, must look to the fees specifically provided for, and that no authority is given to make allowance to the county clerk as such ''for public service not particularly provided for''—except that perhaps the circuit judge in determining what he will allow the clerk under Sec. 1788 (c) may take into consideration the public services by the county clerk, entirely aside from his character as circuit clerk, for which fees are not

particularly provided, and which are of small comparative importance, but as to this we express no opinion, that phase of the matter not being here presented.

Affirmed.

### Concurring Opinion.

**Smith, C. J.,** delivered a concurring opinion.

The judgment of the court below should be affirmed, but not for the reason set forth in the controlling opinion.

Section 699, Code 1930, provides, in plain and unambiguous language, that the clerk of the county court shall "receive the same fees for attendance, and for other services as are allowed by law to the clerk . . . for like duties in the circuit and chancery courts."

Section 1788, Code 1930, provides what fees the clerk of the circuit court shall receive. One of the subdivisions of that section expressly provides that "for public service not particularly provided for, the circuit court may allow the clerk, per annum, to be paid by the county on the order of the board of supervisors, to be entered on presentation of the circuit court's order, the following amounts: In counties where the assessed valuation of real, personal and public service corporations property does not exceed eight million dollars, an annual sum not exceeding $600." Under Section 699 of the Code, that paragraph of Section 1788 thereof applies to the clerk of the county court and should be enforced as to him as if it read: "for public service not particularly provided for, the county court may allow the county clerk, per annum," etc. That the compensation for the service here contemplated is not fixed automatically but must be allowed by the court, does not remove it from the category of fees allowed by law. Except for the allowance thereof by law, the judge would have no power to fix the amount thereof. The attempted distinction here made between fees "allowed by law" and "allowable by law" is one

without a difference, for all of the fees which the clerk may collect under Section 1788 are such as are allowed by law, although the amount thereof under some of its paragraphs must be fixed by order of the court.

The $600 which the county could have here allowed the appellant is not a flat sum. What the court was authorized to allow the appellant was compensation for public services rendered by him by virtue of his office not particularly provided for, not to exceed $600; and in order to determine what allowance, if any, to make, the court should have been furnished with an itemized statement of the services rendered, without which it could not determine whether the services were such as the clerk was called on to render by virtue of his office, and what amount should be allowed therefor. This information was not here furnished by the appellant to the county court.