BOARD OF SUPERVISORS OF LAFAYETTE COUNTY, MISS., *v.* JONES, SHERIFF.

(In Banc. Feb. 25, 1946.)

[24 So. (2d) 844. No. 36049.]

J. W. T. Falkner, of Oxford, for appellant.

R. L. Smallwood, of Oxford, for appellee.

Argued orally by **J. W. T. Falkner**, for appellant, and by **R. L. Smallwood**, for appellee.

**McGehee, J.**, delivered the opinion of the court.

The appellee R. C. Jones, Sheriff of Lafayette County, presented a claim of $625 to the board of supervisors for services rendered as such official during the year 1939 and for the period beginning on the first Monday in January, 1944, and ending on June 30, 1945, for which no compensation had been previously claimed or allowed. The claim was divided as to the sums alleged to be due for the year 1939 and those for the said subsequent period. The amounts claimed for 1939 were (1) "for entering, returning and serving the road overseer's commission, and for services required of the sheriff by the board of supervisors for which no fees are fixed, a sum not exceeding fifty dollars a year (Section 1789, Code 1930, and amendments thereto) ............ $50.00" and (2) "for executing all decrees, judgments, orders of process of the Supreme Court, Chancery Courts, or boards of supervisors, the same fees as are allowed for similar services in the Circuit Court (Section 1789, Code 1930, and amendments thereto) ............ $100.00."

The claim for the period from the first Monday in January, 1944, through June 30, 1945, at the rate of $50.00 per annum, and which was "for services required

of the Sheriff by the Board of Supervisors for which no fees are fixed,'' was substantially in the same form as that made out under numeral (1) above mentioned for the year 1939, except that the Section of the Code of 1942, instead of the Section of the Code of 1930, is given. But the claim for the period from the first Monday .in January, 1944, through June 30, 1945, ''for executing all decrees, judgments, orders of process of the Supreme Court, Chancery Courts, or Boards of Supervisors . . . '' was stated separately as to the period from the first Monday in January, 1944, through March 31, 1944, and from April 1, 1944 through June 30, 1945, for the reason that Chapter 179, Laws 1944, which went into effect on April 1, 1944, increased the then compensation for such services.

The board of supervisors rejected the claim in toto, and there was an appeal to the circuit court by a bill of exceptions where the trial judge allowed the claim to the extent of $562.50 only, the disallowance of the sum of $62.50 of the total amount claimed being based upon the erroneous theory that Chapter 179, Laws 1944, had eliminated from Section 1789, Code 1930, the provision whereby the sheriff is to be allowed for services required of him by the board of supervisors, for which no fees are fixed, a sum not exceeding $50.00 a year, whereas the effect of the said 1944 amendment was merely to eliminate the reference to ''entering, returning and serving the road overseer's commission,'' and to leave the compensation at not exceeding $50.00 per annum for services required. of the sheriff by the board of supervisors, for which no fees are fixed. However, no cross-appeal has been taken from the disallowance of this portion of the claim.

The bill of exceptions in connection with the appeal to the circuit court contains an agreement that the minutes of the chancery and circuit courts and of the board of supervisors covering all allowances to the sheriff for the years involved are made a part of such bill of exceptions;

and we must, therefore, assume that the trial judge had such minutes before him in determining what compensation or fees had, or had not, already been allowed and paid to the said officer. However, such minutes are not a part of the record now before us.

The record here contains, as it did in the circuit court, the testimony of the sheriff as given at the hearing before the board of supervisors on the claims in controversy, and this testimony is to the effect that while the board of supervisors had never rejected any claim which may have been presented to it by the said official, he had received no compensation for the services covered by any of the several claims hereinbefore mentioned, and he did not seem to have any recollection independent of the records as to what services he had rendered.

It is urged, however, by the appellant that the only statute authorizing an appeal from the disallowance of a claim by the board of supervisors in Section 2932, Code 1942, which provides, among other things, that ''a person having a just claim against any county shall first file the same with the clerk of the board of supervisors, thereof, properly dated and itemized, and accompanied by any evidence of performance or delivery *required by law* to be filed therewith, for presentation to the board for allowance; · . . . If the board shall reject said claim in whole or in part, or refuse, when requested at a proper time, to pass finally thereon, the claimant may appeal to the circuit court, or may bring suit against the county on said claim.'' (Italics ours.)

But the contention that the foregoing statute is the only authority for such an appeal to the circuit court is not well taken, since Section 1195, Code 1942, is the general statute providing for such an appeal.

Furthermore, we think that the claim is properly dated and is sufficiently itemized as to the nature and character of the services for which it is made, and also in specifying the basis therefor; that no detailed itemization of the particular instances of such services is required by the

statutes under which the claim is filed. Holmes County v. Ellis, 195 Miss. 124, 13 So. (2d) 635. Nor do we think that the claim here involved is required by law to be "accompanied by any evidence of performance or delivery" of services to an amount equal to the compensation claimed, in view of the decision in the above-mentioned case. That, therefore, there was no need to itemize the same, as held in the case supra. The statutes here involved purport to allow said sums as "additional fees" to those that may have been paid for specific services of the kind therein mentioned.

For instance, certain specified fees are provided for executing various decrees of the chancery court, such as "executing a writ of possession and return ......... $3.00, and making a conveyance to purchaser of real estate .......... $2.00," and "for advertising sale, besides printer's charge, .......... $1.00"; also a certain per centum of "all money made by virtue of any decree" is allowed the sheriff. Then under the head of "additional fees" we find that the greater part of the claim here in controversy is to be allowed "for executing all decrees, judgments, orders of process of the . . . . , chancery courts, or board of supervisors, . . . ."

Moreover, the testimony discloses that the sheriff had served writs directed to him by the board of supervisors, such as in a condemnation proceeding in regard to a road and also in a land controversy wherein the board of supervisors was interested, and in so far as we know, without access to the minutes of the board of supervisors and of the chancery court which were before the trial judge, there may have been other similar services rendered and for which no compensation had been previously claimed.

If it should be assumed that Section 2932, instead of Section 1195, Code 1942, is applicable to the presentation of these claims and to the appeal to the circuit court from the order of the board of supervisors rejecting the same, we are nevertheless of the opinion that it is not required that before a sheriff shall be entitled to the statutory

fees of the character claimed here that he itemize each and every item of service rendered under the statute in that behalf. Take for instance the claim of the sheriff "for services required of him by the Board of Supervisors for which no fees are fixed," and for which he is entitled to compensation at the rate of not exceeding $50.00 per year, the fact that such services are not required to be itemized as to each act of service is settled by the decision in Holmes County v. Ellis, supra. As was appropriately observed by Justice Griffith in his concurring opinion therein, "The sheriff is required to stand ready at all times to perform this service; and although such services if computed on an analogous fee basis should happen to exceed fifty dollars per year, yet the sheriff could get no more; whence it must follow that in any event he shall have that much." We think that the effect of the decision in that case is that the same would be true in regard to the allowance provided for "executing all decrees, judgments, orders of process of the Supreme Court, Chancery Courts or Boards of Supervisors," at the same fees allowed for similar services in the circuit court, since the fees for similar services in said court are at a sum not exceeding a specified amount as a total allowance.

The contention in the case of Holmes County v. Ellis, supra [195 Miss. 124, 13 So. (2d) 641], that the sheriff was required to itemize the services for which the allowance was claimed, where the demand was "for summoning jurors, empanelling grand juries, serving all public orders of court in his county and for all other public services not otherise provided for, a sum only commensurate with the work as shown in fee-bill for services rendered, not exceeding, for each year, ........ $250.00," was rejected, notwithstanding that the subsection of Section 1789, Code 1930, there under consideration, expressly provided that the sum to be allowed was to be "only commensurate with the work as shown in the fee bill for services rendered." The allowance here claimed for executing all decrees, judgments, orders of process,

etc., does not contain the provision last above quoted, and it immediately follows the subsection of that statute which was being construed in that case. Therefore, unless the case of Holmes County v. Ellis, supra, is to be overruled, the reasoning therein adopted by a sufficient number of the judges to affirm that case, and to the effect that regardless of the amount of services rendered the sheriff could not receive more than the statutory allowance "it must follow that in any event he shall have that much."

Also the contention that Section 1597, Code 1942, to the effect that "fees and costs shall not be payable by any *person* until there be produced to the *person* chargeable with the same a bill, or account in writing, containing the particulars of such fees, signed, by the clerk or officer" (italics ours), etc., was in effect rejected in the said Holmes County case in so far as its application to the compensation of the kind and character here involved is concerned.

And we are of the further opinion that all of the other contentions made by the appellant on the appeal in the instant case were likewise rejected, either expressly or by necessary implication, in this former decision.

We think that the trial court has jurisdiction to determine and allow the claim as presented, and that its judgment allowing the said sum of $562.50 should be affirmed.

Affirmed.

**Roberds, J.,** took no part in the decision of this case.