FORREST COUNTY *v.* THOMPSON.

In Banc. Dec. 13, 1948.

(37 So. (2d) 787).

630

**E. J. Currie** and **George W. Currie**, for appellant; **Landman Teller**, amicus-curiae.

638

Dudley **W. Conner,** for appellee. **E. R. Holmes,** amicus curiae.

642

644

**Smith, J.**

The declaration in this case contains ten counts, with a separate adjudication by the trial court on each count. The action was brought in the circuit court of Forrest county against the county for certain fees claimed to be due the plaintiff for services while he was sheriff and tax collector. The term of his office included the years 1940, 1941, 1942, and 1943. Forrest county had a population of 34,901 inhabitants, according to the official 1940 United States census. It had also a county court. The fees and compensation claimed by the ex-sheriff, as plaintiff, were those fixed by the Legislature in counties having more than 33,000 residents.

The various claims of the plaintiff, M. W. Thompson, former sheriff, and the several defenses thereto by Forrest county, the defendant, will appear as we deal with each separate count. The lower court found for the plaintiff in some amount on all counts of the declaration, except numbers one, two, and eight. The judgment was for the county as to those three. The County appealed from the judgment of the trial court as to counts 3, 4, 5, 6, 7, 9 and 10. The ex-sheriff cross-appealed from the adverse decision against him on counts one and eight. No appeal was taken by either side as to count two, and it fades out of the case here. For the sake of convenience, we will refer to the defendant county as appellant, and to the plaintiff ex-sheriff as appellee. The declaration was filed August 18, 1947. The board of supervisors rejected all claims.

At the conclusion of all the testimony in the case, the final judgment of the court reveals that: "It thereupon appearing to the Court, and the attorneys for both the plaintiff and the defendant so announcing to the court that this cause had resolved itself into questions of law and the construction and application of the statutes involved to the facts disclosed by the testimony and evidence, the jury was discharged and this cause was taken under advisement by the court for the rendition of a final judgment herein. . . .".

### Count No. 1.

Appellee here claimed $250 for each of the years of his term of office, a total of $1,000. The declaration alleged that: "among other duties, it was the plaintiff's duty to be the executive officer of the Forrest county court and to attend all of its sessions, and for which he is allowed by law the same fees for attendance and for other services as are allowed for like duties in the Circuit and Chancery Courts; . . .". Appellant plead the general issue, and a notice thereunder that it: "will offer evidence to prove and proving that the plaintiff, N. W.

Thompson, was allowed and paid all sums due or to become due the said plaintiff for the years 1940, 1941, 1942 and 1943 and for summoning jurors or for other services rendered and not otherwise provided for during said years by reason of said allowances and payments, . . .''. By this, it was meant that the statute did not intend a separate additional allowance to the sheriff for the county court, over and above the lump sum allowed for such services in the circuit and chancery courts, and such over-all lump sum had been paid in full.

The court rendered judgment for the defendant county on Count One, and, as stated, the plaintiff has filed a cross-appeal from such judgment.

In this connection, attention is called to Sec. 1604, Code 1942, prescribing the jurisdiction of county courts, which is: ''concurrent with the courts of justices of the peace in all matters, civil and criminal, of which justices of the peace have jurisdiction; and it shall have jurisdiction concurrent with the circuit and chancery courts in all matters of law and equity wherein the amount of value of the thing in controversy shall not exceed, exclusive of costs and interest, the sum of one thousand dollars. It shall have exclusively the jurisdiction heretofore exercised by justices of the peace in the following matters and causes; viz., eminent domain, the partition of personal property, and actions of unlawful entry and detainer. Provided, that actions of eminent domain and unlawful entry and detainer may be returnable and triable before the judge of the said court in vacation.'' The jurisdictional amount of $1,000 set forth above was increased by the 1948 session of the Legislature.

By Sec. 1605, Code 1942, certain felony cases may be transferred from the circuit to the county court for trial, and the county court may try ''all misdemeanor charges which may be preferred by the District Attorney or by the county prosecuting attorney on affidavit sworn to before the circuit clerk of the county; and prosecutions by affidavit are hereby authorized in misde-

meanor cases under the same procedure as if indictments had been returned in the circuit court and the same had been transferred to the county court.''

Rules of practice and procedure of justice, chancery, and circuit courts in cases within county court jurisdiction, are applicable to county courts. Speir v. Moseley, 158 Miss. 63, 130 So. 53.

 █ It is at once manifest from the foregoing that the county court has no newly devised jurisdiction, but only certain transferred jurisdiction originally exercised by the justice, chancery and circuit courts. Therefore, the sheriff in the county court performs duties that otherwise generally he would have performed in the other courts. This is important on the issue before us on this count of the declaration, in view of the statute which provides the compensation of $250, the amount plaintiff sought. That statute reads, in its pertinent part as follows: ''(f) The sheriff shall receive for summoning jurors, impaneling grand juries, serving all public orders of the court in his county, and for all other public services not otherwise provided for, a sum only commensurate with the work as shown in fee-bill for services rendered, not exceeding, for each year, $250.00.'' Sec. 3952, (f), Code 1942.

The appellee contends that for the county court alone, plaintiff should have received an additional $250 per annum. In other words, such county should increase in the county court the annual compensation of the sheriff to an amount equal to what he would receive for the other courts together. He bases his claim on Sec. 1610, Code 1942, providing that ''The clerk and sheriff shall receive the same fees for attendance, and for other services as are allowed by law to the clerk and to the sheriffs for like duties in the circuit and chancery courts; . . .''

We call attention to the phrase ''commensurate with the work'' in Sec. 3952, supra. This means, of course, that the allowance of $250 is a cover-all compensation for all courts, bringing the county court into the pur-

view of the chancery and circuit courts share of such granted compensation, but not adding seperately $250 for only county court services, while allowing only $125 each to the circuit and chancery courts. No such discrimination may be ascribed to the Legislature as it would be an unreasonable partiality to the county court. Nevertheless, the appellee having received $250 for each year under Sec. 3952, Sub-section (f), is complaining, that he should have $250 more per annum for the county court under Sec. 1610. The trial court disagreed with plaintiff, and we think rightly so.

This court has disposed of the matter, specifically, against the contention of the sheriff, dealing with a similar claim of the clerk, they bring bracketed together in said Section 1610. The Court held, and we quote from the second syllabus: ''A circuit clerk, who was also ex officio county court clerk and who was allowed by circuit court $600 'for public services not particularly provided,' was not entitled to a similar allowance as county court clerk, since, under the statute, the compensation of county clerk is confined to fees 'allowed by law' for like duties in circuit and chancery courts which requires that county clerk look to fixed schedules of fees for such services.'' Covington v. Quitman county, 196 Miss. 416, 17 So. (2d) 597. Therefore, the judgment of the trial court is affirmed as to Count No. 1.

## Count No. 3.

Appellee's claim under this count is for $1,200, ▇▇▇▇ being $300 for each year of his term of office, based on Sec. 699, Code 1930, Sec. 1610, Code 1942, the applicable part of which has already been quoted, supra. The declaration here alleged: ''That the Board of Supervisors of Forrest County, Mississippi, have not paid him any part of the $300 per year allowed sheriffs for executing all decrees, judgments, etc., for the County Court for the years 1940, 1941, 1942 and 1943.'' The appellant filed pleas of general issue and of limitations, and the

same notice under the general as set forth in our discussion of Count No. 1. The trial court allowed plaintiff $900, holding $300 to be barred by limitations.

In our opinion, this claim is governed by what we have said as to Count No. 1, and the plaintiff is not entitled to recover anything under this count. The case of Covington v. Quitman county, cited ante, also controls and refutes this claim of appellee. See also Sec. 1789, Code 1930, Sec. 3936, Code 1492. Therefore, the judgment of the circuit court is reversed as to Count No. 3, and judgment rendered in favor of appellant here.

### Count No. 4.

The appellee's claim under this count is based on Sec. 1804, Code 1930, Sec. 3952, Code 1942, and he cites as authority for its allowance the cases of Holmes County v. Ellis, 195 Misc. 124, 13 So. (2d) 635, and Board of Supervisors v. Jones, 199 Miss. 373, 24 So. (2d) 844. The declaration alleges that: "the plaintiff was entitled under the law, to the sum of $750 per year for state fail cases in the Circuit Court for the years 1940, 1941, 1942 and 1943 amounting to the sum of $3,000. That for said years the said Board of Supervisors paid the plaintiff on state failed cases in the Circuit Court the sum of $1,-048.30, leaving a balance due him of $1,951.70, and which has not been paid."

The decisions of this Court to which reference is made above do not here apply in aid of appellee's claim. The statute, on which is founded the demand under this count, is clear. It requires that the "sheriff's fees in state cases where the state fails in the prosecution or in cases of felony, in which the defendant is convicted, but is unable to pay the costs, to an amount not exceeding $750.00 in any year, shall be paid out of the county treasury *when allowed by the board of supervisors on the certificate of the clerk that the account of the sheriff for his fees has been allowed by the circuit court and*

*entered on the minutes."* Sec. 3952, Code 1942, Subsection g. (Italics ours.)

The contention of appellee is that Holmes County v. Ellis, supra, authorized the payment of the balance of $1,951.70, without itemization. However, the plain language of the statute quoted is a complete answer to such argument, in our opinion. Morover, mere failure of itemization is not the only feature involved in the defective composition and prosecution of the claim under this count. The sum of $1,048.30 had been allowed by the circuit court for the years for which payment thereof was made, entered on the minutes, and certified by the circuit clerk to the board of supervisors, who paid it to the plaintiff as sheriff. But, as to the balance claimed there was no such procedure as required by the statute. The trial court erroneously allowed appellee any sum whatever under this court, for the reasons stated.

Furthermore, appellee shows no compliance with our holding in Kitchens v. Union County, 198 Miss. 403, 22 So. (2d) 356. This claim for the balance, to make up the total of $750 per year, was not presented to the district attorney for examination and report to the circuit judge, and, as stated, was not allowed by the circuit court, no such allowance was entered upon its minutes, and certified by the clerk to the board of supervisors.

In our judgment, therefore, the board of supervisors correctly refused payment of the claim, and the trial court committed error by entering judgment for $1,480.90 in favor of appellee. The judgment of the circuit court is reversed, and judgment rendered here for appellant on Count No. 4.

### Count No. 5.

The declaration as to this count charges that ''The Board of Supervisors of Forrest County, Mississippi, have not paid any part of the $250 per year allowed for summoning jurors in the circuit court and for other services rendered and not otherwise provided for in

connection with said court during the years 1940, 1941, 1942 and 1943, and which amounts to the sum of $1,000.'' The lower court awarded to appellee judgment for $900.

The applicable statute is Sec. 3936, Code 1942, formerly Sec. 1789, Code 1930. Appellee again bases his right to this allowance upon Holmes County v. Ellis, 195 Miss. 124, 13 So. (2d) 635; and Board of Supervisors v. Jones, 199 Miss. 373, 24 So. (2d) 844. However, we have reached the conclusion that such reliance is unjustified.

Appellee sheriff, as disclosed by the evidence, was paid $250 for the years 1941 and 1942, under Chap. 230, Laws 1940, Sec. 1, Sub-section F. It appears that appellee is claiming that the sheriff credited these payments under Court 6 of his declaration. It is clear from the proof in the record that appellee requested and was paid $250 pr annum for summoning jurors under Sec. 3952, Code 1942, Ch. 230, Laws 1940, for 1940 and 1941. He then collected $300 annually for summoning jurors in 1942 and 1943 under Sec. 3936, Code 1942. He has, therefore, been paid the total sum of $1,100. ██ ██ Since the declaration was filed on August 18, 1947, at the time suit was filed, his claim for 1940 was barred by the six-year Statute of Limitations.

██ ██ However, appellee having collected only $250 for the year 1942, when he was entitled to $300 for that year, the county owes him a balance of $50 under Count No. 5. Since the amount we approve is less than the amount awarded in the trial court, no cross-appeal is necessary to obtain judgment therefor in this Court, and the fees being fixed by statute.

We, therefore, reverse the trial court in part on this count, and affirm it to the extent of $50 in favor of appellee, and judgment will be entered here accordingly.

Count No. 6.

The plaintiff declared for a balance of $25 in the following language: ''That the plaintiff is entitled under

the law to the sum of $50 per year for entering, returning and serving the road overseer's commission, and for services required of him by the Board of Supervisors for which no fees are fixed, for the years 1940, 1941, 1942 and 1943, and which amounts to the sum of $200. That the plaintiff is entitled under the law to the sum of $300 per year for executing all decrees, judgments, etc., for the Circuit Court for the years 1940, 1941, 1942 and 1943, which amounts to the sum of $1,200, all aggregating the sum of $1,400. That the Board of Supervisors during said period, paid to the plaintiff the sum of $1,375 leaving a balance due of $25, which has not been paid.''

The trial court rendered judgment for $25 in favor of the appellee, and we affirm it. The compensation as to overseers' commissions is governed by Sec. 1789, Code 1930, now Sec. 3936, Code 1942. Its allowance was treated favorably to the claim of appellee by our decision in Board of Supervisors v. Jones, 199 Miss. 373, 24 So. (2d) 844. The matter of allowance for summoning jurors in the circuit court is embraced in Sec. 1789, Code 1930, now Sec. 3936, Code 1942, as is the matter of executing decrees and judgments, etc. The pertinent part of the statute dealing with the latter is: ''for executing all decrees, judgments, orders of process of the supreme court, chancery courts, or boards of supervisors, the same fees as are allowed for similar services in the circuit court.''

The proof does not show any payments on account of the $300 claimed yearly for executing judgments, decrees, etc., in the circuit court. The amounts credited on appellee's claim under this Count, No. 6, are clearly payments made for summoning juries, etc., and included and credited by us under Count No. 5, supra.

The account of appellee for serving road overseers' commissions must also be reduced in the amount of $50 for the year 1940, because barred by the six-year Statute of Limitations, so that appellee is entitled to only $150.

 Appellee here undertook to recover $300 per year under sub-section (b) of Sec. 3936, Code 1942, supra, interpreting it as providing an additional allowance in that amount, annually, for executing judgments, and decrees of the circuit court. The statute there includes only the Supreme Court, Chancery Court, and Boards of Supervisors. Sec. 3936, b(a), Code 1942, makes only one allowance for circuit courts, as follows: "for summoning juries, impanelling grand juries, serving all public orders of the courts in his county, and for all other services not otherwise provided for, . . ." Hence, appellee was not entitled to collect any part of the $300 here claimed under this count.

 The declaration demanded only $25 under this count, and appellee won a judgment for that amount, and consequently filed no cross-appeal. We cannot do more than affirm the judgment, therefore, since we cannot increase the judgment here in view of the limited amount for which suit was brought, and since we would have to increase judgment of trial court in absence of a cross-appeal, although he could have successfully sued for $150 for serving overseers' commissions. However, no cross-appeal would lie here because appellee obtained all for which he sought in the trial court. The judgment of the trial court is affirmed on Count 6.

Count No. 7.

 Appellee made demand by this count for $444, claiming that under the law he was entitled as sheriff of Forrest County to the sum of $5 per day for attending the meetings of the board of supervisors, for himself and deputy, during its sessions during the four years of his term of his office, but was paid only $3 per day. The larger amount was due because the county was operating under Sec. 1789, Code 1930, now Sec. 3936, Code 1942, and not Sec. 1804, Code 1930, now Sec. 3952, Code 1942,—the population, according to the applicable Federal Census being 34,901. Recovery of the $2 difference is the basis of this count.

The lower court entered judgment for appellee for $318, rejecting $126, as barred by the Statute of Limitations. There was no cross-appeal therefrom. However, the matter is before us on direct appeal, assigning as error the allowance of any amount whatever, claiming res judicata.

We held in Holmes County v. Ellis, 195 Miss. 124, 13 So. (2d) 635, that where the population of the county was greater than that on the basis of which ex-sheriff had been allowed compensation for services rendered to county's circuit court and its board of supervisors during his term of office, he was entitled to recover additional compensation, and that allowances previously made for services, rendered were not "res judicata" of claim for such additional allowances. We there cited Sec. 1804, Code 1930, (e-g), now Sec. 3952, Code 1942; Laws 1932, Ch. 201.

The judgment of the circuit court is therefore affirmed as to Count No. 7.

## Count No. 8.

Appellee intergrated this count into his declaration because "there was located in Forrest County, Mississippi, during the years 1942 and 1943 and while this plaintiff was the legally elected, qualified and acting Sheriff, a U. S. Army Camp, known as Camp Shelby, and, because of which, by virtue of Chap. 196 of the Laws of 1942, being Sec. 4173 of the Code of 1942, the Board of Supervisors could, in its discretion, pay an annual salary of not less than $800 nor more than $1,500 to regularly appointed deputy sheriff in said county. That the plaintiff did legally appoint and employ a deputy sheriff for said county to enforce law and because of which he became and is entitled to the renumeration authorized by said statute. The plaintiff charges that said statute became effective March 17, 1942, and continued, in existence throughout the balance of his term of office so that he became eligible for said renumeration in the discretion of said board in the sum of $1,500 per year from

the effective date of said act, March 17, 1942, until January 1, 1944, and which amounts to the sum of $2,682.00.''

The trial court found in favor of the appellant county on this count, and the ex-sheriff appellee brings it before us on a cross-appeal. Both sides asked for directed verdicts, and the motion of appellant was sustained. That of appellee was overruled, which he assigns as error.

The statute involved is 4173, Code 1942, Ch. 196, Laws 1942, and follows: ''The board of supervisors of any county having a United States army camp or cantonment or ordinance plant located or being located, erected or built, either wholly or partially within said county may in the discretion of said board, pay annual salaries of not less than eight hundred dollars ($800.00) nor more than fifteen hundred dollars ($1,500.00) to regularly appointed deputy sheriffs in said counties.''

The board of supervisors passed or adopted no resolution effectuating or implementing this statute. Appellee himself arbitrarily fixed the amount of his renumeration thereunder as $1,500, quite naturally choosing the largest sum involved. Appellee argues that it was not necessary for the board of supervisors to pass or adopt a resolution authorizing the payment of renumeration under this statute; and that the only discretion the board had was to fix the compensation between the minimum and maximum amounts. Neither did the board do this.

As authority for this position, appellee cites cases from several states, including the Mississippi case of State ex rel. Attorney-General v. County School Board of Quitman County, 181 Miss. 818, 181 So. 313, 315. These cases are to the effect that ''the word 'may' may be construed as mandatory in application, . . .''. State, ex rel. Attorney General v. County School Board of Quitman County, supra. The trouble with such cases here is that statute involved reads ''said county may in the discretion of said board.'' Discretion cannot be compelled in such statutes, and, furthermore, there is no

charge of an abuse of discretion, even if that doctrine be applicable here, which is not the issue.

Appellant points out that "The Legislature of the State of Mississippi, in the exercise of its constitutional authority, saw fit by said statute to vest in the board of Supervisors the discretion, and the exclusive discretion, . . ." It is argued further on behalf of appellant that this permitted only the supervisors, and no one else, to determine whether or not, in the first instance, to pay annual salaries to any one or more regularly appointed deputy sheriffs, and how many, and how much. Appellee, on this count as cross-appellant, admits that no order was passed by the board under the statute, and also, significantly, that the "sheriff had made such appointments during 1940, the first year of his term, and at a time when the Act was not even in existence." The Act was passed in 1942, it will be recalled, so that appellee had made no new appointments thereunder. In other words, he had not increased his staff, but continued to operate with his former force. He had not been authorized by the board of supervisors to employ additional deputies to be compensated under the statute, although there was some discussion of the matter. The people of some communities, where deputies were stationed, paid part of the deputies' compensation.

The board of supervisors having exercised its discretion against the allowance and payment of the amount claimed under this count, No. 8, the appellee is not entitled to collect from the county therefor. The trial judge so found, and the judgment is affirmed.

## Count No. 9.

The declaration under this count is based on the following claim presented to the board of supervisors by one, Leland S. Smith, purporting to be an attorney in fact of appellee for said purpose. It was for:

"102 Patients for 96 miles or a total of 9,792
miles at 10¢ per Mile ......................$ 979.20
"For himself and Deputy at $3.00 per day of.. 612.00

$1,591.20"

And, in addition:
"For carrying 10 prisoners from Hattiesburg to Meridian
for 85 miles or 850 Miles at 10¢ per mile of $85.00 plus
himself and make affidavit that the same is true and
making a total of $1,736.20." The trial judge allowed
appellee $582.80 of the amount demanded.

The pertinent statute is Sec. 4170, Code 1942, which
provides that whenever the sheriff is required by law
to remove a person on habeas corpus, change of venue,
or otherwise, he shall make out an itemized statement
of such amount of money actually expended or paid
out by him for expenses in attending the removal; make
oath that it is true and correct; and present it to the
board of supervisors to be audited and allowed by them,
as other claims are when presented to said boards, "and
which sum of money so paid out by the sheriff and tax
collector, or any of his deputies, so itemized and sworn
to and presented to said board, above provided, shall
be allowed and paid out of the county treasury."

Sec. (c) of this statute is of a similar nature as to
transportation of persons of unsound mind to or from an
asylum. The sub-section requires that the sheriff "make
out a statement of his actual traveling expenses, includ-
ing the expenses of lunatic and the expenses of any nec-
essary escort, and made affidavit that the same is true and
correct and present the same to the board of supervisors
for audit and allowance; such claims for such expenses
so actually incurred, when so itemized and sworn to and
presented for allowance, as above, together with a per
diem of $3.00 each for sheriff and escort, shall be paid to
the sheriff and tax collector out of the county treasury."

By reference to the claim, it will at once be
manifest it did not comply with the statute. It was not

sworn to by appellee or any one, but presented by an alleged attorney-in-fact. It contained no itemized statement of actual expenditures for expenses or actual expenses incurred. It was in no proper shape to be audited by the board of supervisors. If they had allowed and paid it, they would have done so against the plain provisions of the law, and, hence very properly refused to do so.

The appeal from the judgment of the circuit judge was taken by Forrest County, and no cross-appeal was filed by the ex-sheriff, even though the judgment of the trial court rejected a large and substantial portion of his claim under this count.

In view of what we have just written, the judgment of the trial court must be reversed, and judgment rendered here for appellant on this Count, No. 9.

### Count No. 10.

 The appellee, under this count of his declaration, sought to collect $100, because, during the year 1943, he, as sheriff, furnished the board of supervisors a deputy in attendance on said board for a total of fifty days, for which he was paid by the board the total sum of only $150. He argues that under the law, and by virtue of the population of Forrest County, in excess of 33,000 inhabitants, he was entitled to the sum of $5 instead of $3, a total of $250 instead of $150 actually paid. The court awarded him a judgment for the difference of $100. We think this judgment was correct and it is affirmed. Sec. 3952, Code 1942, Ch. 230, Laws 1940; Holmes County v. Ellis supra.

For convenience and ready reference, we summarize our holdings, as follows:

The judgment of the trial court is affirmed on the cross-appeal of appellee on Count No. 1.

Neither side appealed as to Count 2, and no adjudication by us is required, or made..

We reverse the lower court as to Count No. 3, and enter judgment here in favor of appellant.

The same action by us also applies to Count No. 4.

We affirm the judgment of the lower court in the amount of $50, for reasons stated, but otherwise reverse it, with judgment here accordingly under Count No. 5.

The judgment of the lower court under Count No. 6 is affirmed, the amount being $25.

We affirm the judgment for $318 in favor of plaintiff rendered by the trial court under Count No. 7.

The appellee was cross-appellant under Count No. 8, the judgment of the trial court favoring the county, and we affirm it.

We reverse the lower court under Count No. 9, and render judgment here for appellant.

We affirm the judgment below in favor of appellee in sum of $100. on Count No. 10.

This case has required a great deal of care and painstaking examination and investigation here, which we have given it, and has necessitated a long opinion, since the case really involves ten separate lawsuits. The judgment of the trial court is affirmed on cross-appeal; on direct appeal, it is affirmed in part, reversed in part; and judgment rendered here for appellant, where so reversed.

Affirmed on cross-appeal; affirmed in part and reversed in part on direct appeal; and judgment rendered here for appellant; where so reversed.

**McGehee, J.** (dissenting in part).

I am of the opinion that Section 1610, Code of 1942, providing that the clerk of the Circuit Court shall be the clerk of the County Court, and that the sheriff shall be the executive officer of the County Court, and that these officers "shall receive the same fees for attendance, and for other services as are allowed by law to the clerk and to the sheriff for like duties in the circuit and chancery courts," was intended to provide an additional com-

pensation for their services to that received by them for like duties in the Circuit and Chancery Courts.

The County Court is required to be in session each month of the year, whereas the Chancery and Circuit Courts are in session only for two or three terms during the year. It has not been the policy of the Legislature to impose additional duties upon these officers to the extent required by their services in the County Court without providing additional compensation to them for such services.

It is stated in the controlling opinion herein that the sheriff in the County Court performs duties that otherwise he would generally perform in the other courts. But in this connection I call attention to the fact that under Section 1604, Code of 1942, the County Court is given jurisdiction ''concurrent with the courts of justices of the peace in all matters, civil and criminal of which justices of the peace have jurisdiction;'' and it is provided that it shall have exclusively the jurisdiction heretofore exercised by justices of the peace in the following matters and causes; viz.: eminent domain, the partition of personal property, and actions of unlawful entry and detainer. The sheriff was not required to attend the courts of justices of the peace prior to the creation of the County Courts, nor is he now required to attend upon their sessions, but since the creation of the County Court he is required to perform duties formerly discharged by constables.

This view of the writer will apply to all of the counts in the declaration wherein additional compensation is claimed by the sheriff under and by virtue of the provision in Sec. 1610, Code 1942, supra, providing among other things that ''the clerk and sheriff shall receive the same fees for attendance, and for other services (in the county court) as are allowed by law to the clerk and to the sheriff for like duties in the circuit and chancery courts.''

I concur in the majority opinion as to counts 7, 9 and 10, but I am unable to agree with it as to the non-liability of the County under count 8, wherein the sheriff sues for compensation under Chapter 196, Laws 1942, (Section 4173, Code 1942) which provides that the Board of Supervisors of any County having a United States army camp or cantonment may in the discretion of said board, pay annual salaries of not less than $800 nor more than $1,500 to the sheriff for the employment or regularly appointed deputies in said counties. I think that the only discretion allowed the Board is as to the amount to be paid within the minimum limitation or $800 and the maximum limitation of $1,500; that the Legislature intended by the enactment of this statute to assure an ample force for the sheriff's office to enforce law and order in counties where one of these army camps was located; that the Legislature did not intend to leave it to the Boards of Supervisors as to whether the sheriff, whose duty it is to enforce the law, should have an ample force of deputies in that behalf. The responsibility for maintaining peace and order is upon the law enforcement officers and the criminal courts and not on the Board of Supervisors; and that, therefore, the Legislature recognized that the sheriffs in counties where an army camp had been located had found it necessary prior to the enactment of this statute to employ additional deputies and it was intended that he should be allowed funds with which to pay them with a discretion on the part of the Board of Supervisors as to the amount to be allowed at some figure within the limitation prescribed. If the Legislature had not intended to make it the duty of the Board of Supervisors to make such an allowance there would have been no reason to prescribe a minimum allowance to be made.