WASHINGTON COUNTY *v*. COCKE.

In Banc. May 9, 1949.

(40 So. (2d) 301)

D. H. Waits and Ben Wilkes, for appellant.

Ernest Kellner, for appellee.

Roberds, J.

This case involves the construction of Section 3952 (d), Miss. Code of 1942, as it authorizes the payment of fees to circuit clerks.

Appellant contends that such fees can be allowed only upon itemized accounts of the claimed amounts. Appellee says that the accounts need not be itemized; that all that is necessary is for the same to be approved by the circuit judge and district attorney, and that circuit clerks in counties of the class covered by said section are entitled to $750 per annum, no more and no less, whether the claimed fees are itemized or not, and regardless of whether the value of the services rendered amounts to more or less than said amount.

The claim here is for the years 1942 to 1947, both inclusive. In each of said years the clerk presented to the circuit judge and district attorney itemized statements of 'the fees claimed by him for that year under said section. The judge and district attorney approved the claims as presented and the supervisors allowed, and

appellee collected each year the amount so claimed and allowed. The aggregate of these annual allowances was $2,799.95. The present claim is for $1,700.05 in excess of the aggregate heretofore allowed for said respective years. The claim under consideration was approved by the circuit judge and the district attorney, but, on July 19, 1948, the supervisors rejected it. The clerk appealed from that action to the circuit court, which court entered a judgment in favor of appellee, from which the county appeals here.

Section 3952(d), in the part here pertinent, reads: ''The clerk's fees in state cases where the state fails in the prosecution, or in case of felony in which the defendant is convicted, and the costs cannot be made out of his estate, to an amount not exceeding $750.00 in any one year, shall be paid out of the county treasury on the allowance of an itemized account of the fees in each case by the circuit court and county court, after its examination and approved by the district attorney, and the allowance thereof by the board of supervisors of the county, . . .''

Appellee says the cases of Holmes County v. Ellis, 195 Miss. 124, 13 So. (2d) 635; Board of Supervisors v. Jones, 199 Miss. 373, 24 So. (2d) 844, and Forrest County v. Thompson, Miss. 37 So. (2d) 787, have adjudicated his right to the claimed fees.

All of those cases deal with fees of sheriffs as allowed by Section 3952(g), said Code. That section authorizes payment of such fees, not to exceed $750 in any one year, when allowed by the supervisors on certificate of the clerk that same has been approved by the circuit court. That section does not require the account to be itemized. The statute as to circuit clerks expressly requires the account to be itemized. The opinion in the Holmes County case was by a divided court, and it was especially pointed out in a concurring opinion that the section as to clerks requires an itemized account, whereas the one as to sheriffs does not so require, and that difference in the

wording of these two sections was used as an argument in reaching the conclusion the fees of sheriffs did not have to be itemized.

In this respect, that opinion said [195 Miss. 124, 13 So. (2d) 641]: "It is significant that, while subsection (d), Section 1804, Code 1930, requires that in making a similar allowance to the clerk as respects such cases 'an itemized account of the fees in each case' must be presented, the subjection dealing with the allowance to the sheriff contains no such requirement of an itemized account in each case." And, as a reason for the distinction in the two sections, that opinion continued: "This must have been done in recognition of the fact that the work of the sheriff in establishing the identification of the guilty person or persons when a crime has been committed, and the time after time when a crime is reported, and in pursuing and capturing such persons, as well as those who have escaped—often through days or even weeks of such work, and sometimes of the most dangerous nature—would put that service in a different category from that of the clerk, and that the district attorney and trial judge would know of what had been going on in the county as regards the work of the sheriff as the chief peace officer, and would therefore know what part, or whether all, of the $750 per year should be allowed, and without the necessity of itemized details. And in view of what has been said, the district attorney and the trial judge ought to be authorized to give this to subsection a broad and liberal construction, otherwise the sheriff, for the most intensive and dangerous of all his work, would get but little or no compensation at all."

In the Jones case, supra, the Court adopted the foregoing reasoning as applied to sheriffs. It might be added that in many instances, such as those described in the foregoing quotations, it would be impracticable, if not impossible, for sheriffs to accurately itemize all the expenses and costs incurred in the performance of their duties.

But, the work of circuit clerks is not of that same nature. No reason is perceived why they cannot itemize the fees for their services. Statutes provide for and name the amount of such fees for various services. Indeed, in this case the clerk each year did just that and the accounts were allowed and paid. The statute authorizes counties to pay circuit clerks upon "the allowance of an itemized account of the fees in each case. . . ."

 That statute, and the discussions in the foregoing cases, as least by inference, require the accounts of circuit clerk to be itemized. This conclusion is further supported by the fact that sub-section (c) of said Section 3952 authorizes the payment to circuit clerks of the sum of $200 per annum "For all public services not particularly provided for . . ." upon the order of the circuit court and of the supervisors.

Reversed and judgment here for appellant.